WILLIAM McQUOID, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

### *Error to Edgar.*

In an indictment for resisting an officer, it is not necessary to describe the mode of the opposition. That is properly a matter of evidence.

An indictment for resisting an officer set forth that the defendant opposed such officer while attempting to serve a summons, which summons was a lawful process: *Held*, that the averment that the process was a lawful one is an averment of jurisdiction in the officer issuing it.

In an indictment for resisting an officer, it must be distinctly charged that the person resisted was an officer, and was opposed while acting in such capacity, both of which facts must be proved at the trial. It is not necessary to set out in the indictment, *in hæc verba,* the process under which he was acting.

A plea of former acquittal omitted to state that an offence charged in two indictments were one and the same offence: *Held*, on demurrer to the plea, that it was bad, and that the demurrer only admitted the truth of the plea as pleaded.

A defendant cannot assign for error, in a civil or criminal proceeding, any decision, order or judgment of a Court which is manifestly in his favor.

INDICTMENT for resisting an officer, &c., against the plaintiff in error, in the Edgar Circuit Court, heard at the October term 1846, before the Hon. Samuel H. Treat and a jury. A verdict of guilty was rendered, and the defendant was fined $20.

The allegations in the indictment, and the several proceedings in the cause are substantially set forth in the Opinion of the Court.

*J. Pearson*, for the plaintiff in error.

The indictment does not set out the means and manner of the opposition, as required by law. 1 Chitty's Crim. Law, 227, 229 and note; 3 Bac. Abr. 554, G; ib. I. 572; Archbold's Crim. Pl. 315, note *a;* Cowper, 683; 3 Chitty's Crim. Law, 1000.

Neither does it set forth that the officer issuing the process had jurisdiction. *Robinson* v. *Harlan*, 1 Scam. 237; *State* v. *Tuell*, 6 Blackf. 344.

The process should have been set out in the indictment *in hæc verba.*

The plea of former acquittal was a bar to the second indictment.

The judgment of the Court upon the verdict was erroneous, the statute providing that the accused shall, on conviction, be fined and imprisoned. Rev. Stat. 167, § 92.

*D. B. Campbell*, Attorney General, for the defendants in error.

Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offence in the terms and language of the Criminal Code, or so plainly that the nature of the offence may be easily understood by the jury. Rev. Stat. 181, § 162.

The Opinion of the Court was delivered by

PURPLE, J.*   At the October term, A. D. 1846, of the Edgar county Circuit Court, the plaintiff was indicted under the 92nd section of the Criminal Code, for resisting an officer in the service of process. The indictment charges that the plaintiff, on the 14th day of January, 1846, at the county of Edgar, unlawfully, knowingly, and wilfully, did oppose one John A. Metcalf, (the said Metcalf then and there being a constable in and for said county, duly qualified,) in his, (the said Metcalf's) then and there attempting to serve a summons in favor of George Cunningham, for the use of William James, against Washington McQuoid, and William McQuoid, issued on the twelfth day of January, eighteen hundred and forty six, by Samuel Connelly, then and there being a Probate Justice of the Peace, in and for said county, duly qualified and commissioned, and then and there acting as an ordinary justice of the peace, and the said summons then and there being a lawful process of the said Probate Justice of the Peace.

The plaintiff entered a motion to quash the indictment, which was overruled.

* WILSON, C. J. and Justice LOCKWOOD, did not sit in this case.

He then filed his plea of former acquittal to which there was a demurrer, which the Court sustained.

The plea of not guilty was then entered by the plaintiff, a verdict of guilty was returned against him by the jury, a motion was made by the plaintiff in arrest of judgment, which was overruled by the Court, and he was sentenced to pay a fine of twenty dollars and costs of prosecution, and to stand committed until the sentence was complied with.

The decisions of the Court in overruling the motion to quash the indictment, in sustaining the demurrer to the plea of a former acquittal, in denying the motion in arrest of judgment, and in the rendition of final judgment against the plaintiff, are assigned for error.

The law, under which the indictment is preferred, is as follows: "If any person shall knowingly and wilfully obstruct, resist or oppose any sheriff, deputy sheriff, coroner, constable or other officer of this State, or other person duly authorized, in serving or attempting to serve any lawful process or order of any Court, Judge or justice of the peace, or any other legal officer whatsoever; every person so offending, shall be fined in any sum not exceeding five hundred dollars, and imprisoned for a term not exceeding one year.

The first question presented in this record relates to the sufficiency of the indictment under the law above recited. It is contended by the plaintiff's counsel that the indictment is defective in not describing the manner in which the officer was opposed, and in omitting to set out the process in the hands of the officer in *hæc verba*, or in such manner as to show to the Court, by particular description of the process itself, that the Court issuing the same had jurisdiction over the subject matter of the suit. It would frequently be impossible to set out in an indictment the manner in which an officer is opposed in the execution of process, nor has any authority been cited on the argument of this cause showing that the law requires it. On the contrary, it has been held that " it is not necessary, in an indictment for the obstruction of public officers, to set forth the particular exercise of the office in which they were engaged at the time, or the par-

ticular act and circumstances of obstruction. These are properly matters of evidence." *United States* v. *Clark*, 1 Gal. C. C. R. 497. We do not disagree with the plaintiff's counsel, that the indictment must contain a substantial allegation of jurisdiction in the officer who issued the process, in the service of which the resistance or opposition is made; but we hold that, under our statute, the averment that the process is a lawful one is an averment of jurisdiction in the officer who issued it. The offence is charged in the terms and language of the Criminal Code, and is so plain that it can be easily understood by the jury. This is what the statute requires.

It is not to be understood, however, that this statute has dispensed with the substantial requisites which have hitherto entered into and composed any material portions of indictments for crimes. These still remain. The object was to try defendants, who were accused, upon the facts and the law of the case, and to reject and discard mere formalities and technicalities. The cases of *Robinson* v. *Harlan*, 1 Scam. 237, and the *State* v. *Tuell*, 6 Blackf. 344, have been cited as opposed in principle to this doctrine. A close examination of these cases will show that, between them and this Opinion, on this point, there is no necessary conflict. That of *Robinson* v. *Harlan* was a civil suit against a constable for neglect of duty, in refusing to serve an execution. The declaration neither showed nor alleged that the justice of the peace, who gave the judgment and issued the execution, had jurisdiction of the subject matter for which the judgment had been rendered, and the Court, in their Opinion, say that, for aught which appears by the declaration, the judgment might have been rendered in an action of slander. In the case in Blackford, the Court say that, "an indictment for obstructing the execution of a search warrant must show the warrant to be legal; and it must, therefore, show that the warrant appeared upon its face, to be founded on a sufficient affidavit. In this case, the pleader had set out the warrant, and the affidavit upon which it had been issued, to show its legality. Upon its face, when thus set out, it ap-

peared not to have been founded on a sufficient affidavit; and did not therefore justify the officer in its execution. The Court were satisfied from an inspection of the process, that it was not a lawful one. There was no allegation in the indictment, that it was a lawful process, and if there had been, the indictment would still have been bad. When a process is set out, and is upon its face manifestly illegal, an averment of its legality would not change its character in that respect. The English precedents for indictments under their statutes against assaults upon officers are even more general than this indictment. They barely charge that the officer was assaulted "in the due execution of his said office, then and there being," without any statement whatever relative to the manner of the execution of the office, or whether he had or had not any writ which justified him in his conduct, leaving all these matters to be determined by evidence upon the trial.

The gist of the offence is, resistance or opposition to the officer while acting in his official character. That he was an officer and so acting, must be distinctly charged in the indictment, and proved upon the trial. Both are matters of fact to be determined by the evidence. There is no more occasion for setting out in the indictment the process or order, the execution of which was resisted or opposed, for the purpose of shewing jurisdiction, than there is to copy the officer's commission to shew his official character.

The demurrer to the plaintiff's plea was properly sustained. The plea omits to state that the offences charged in the two indictments are one and the same offence; in this respect the plea is clearly defective. The demurrer only admits the truth of the plea as pleaded.

In the last error assigned, the plaintiff contends that he is injured by the judgment of the Circuit Court, because he was not imprisoned as well as fined, according to the provisions of the statute, under which he was convicted. If we were satisfied that a defendant, in a criminal prosecution, could assign for error a decision or order of the Circuit Court most manifestly in his favor, we should, if we had under the

McQuoid v. The People.

law, the power to do so, feel inclined, upon this assignment, to reverse the judgment and remand the cause, with directions to that Court to proceed according to the letter of the statute, to add imprisonment to the plaintiff's punishment. But we are of opinion that this omission of the Court to perform the whole duty which the law requires, being in the plaintiff's favor, and for his benefit, cannot be assigned for error. Had the Court inflicted any different punishment than that prescribed by law, whether more or less advantageous to the plaintiff, the judgment would have been erroneous. In this case, so far as it extends, the sentence of the Court pursues the law. Properly, the plaintiff should have been imprisoned as well as fined. No imprisonment is imposed upon the plaintiff. It is singular, that with him it should be matter of complaint. With the same propriety might a felon who had been convicted and sentenced to the penitentiary, demand a reversal of the judgment of the Court because he had not also been sentenced to pay the costs of prosecution. We consider the law upon this point as settled by this Court, that a defendant in a civil or criminal prosecution cannot assign for error a decision, order or judgment of a Court which is manifestly in his favor. *Bailey* v. *Campbell*, 1 Scam. 47; *Kitchell* v. *Bratton*, ib. 300; *Arenz* v. *Reihle*, ib. 340; *Schlencker* v. *Risley*, 3 do. 486; *Girard* v. *The People*, ib. 363.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*