## The People v. Albert Rouse.

*Criminal law—Liquor law—Punishment—Sentence.*

1. How Stat. § 2275 (providing for the punishment of violators of the liquor law), contemplates an *immediate* imprisonment, which may continue 90 days, with or without payment of the fine and costs.

2. It is no ground of error that a sentence is *less* than it might have been, so long as it does not involve a different kind of punishment than that allowed by law.

Error to Clinton. (Smith, J.) Argued October 17, 1888. Decided October 19, 1888.

Respondent was convicted of a violation of the liquor law. Conviction affirmed. The facts are stated in the opinion.

*Fedewa & Lyon,* for respondent.

*Moses Taggart,* Attorney General, and *Charles M. Merrill,* Prosecuting Attorney, for the people.

CAMPBELL, J. Respondent was convicted before a justice in Clinton county for keeping his bar open on July 4, 1887. The justice sentenced him to pay a fine of $50 and costs, and in default of payment to be imprisoned in the county jail 90 days, unless it should be sooner paid. This judgment was removed by *certiorari* to the circuit court on the single error assigned that the sentence was unlawful, as conditional, and not fixing a time within which the fine could be paid. The circuit court affirmed the judgment, and error is brought on that affirmance.

The conviction was on September 27, 1887, and the judgment was that in default of payment the respondent—

"Be imprisoned in the common jail of the said county

of Clinton for the period of 90 days from and including this 27th day of September, 1887, unless said fine is sooner paid."

This undoubtedly contemplates an immediate payment or imprisonment, and it is claimed a time should have been allowed for payment.

This case is governed by the sections of the liquor law then in force, which were sections 2274, 2275, How. Stat. We need not, therefore, consider how far the objection taken would have applied under the general laws applicable to justices' courts.

By section 2275 the punishment is thus provided for: The offender, on conviction,—

"Shall be punished by a fine of not less than twenty-five dollars, nor more than one hundred dollars, and costs of prosecution, and imprisonment in the county jail not less than ten days, nor more than ninety days, in the discretion of the court. And in case such fine and costs shall not have been paid at the time such imprisonment expires, he, the person serving out such sentence, shall be further detained in jail until such fine and costs shall have been fully paid: *Provided,* that in no case shall the whole term of imprisonment exceed ninety days."

This statute contemplates an immediate imprisonment, which may continue 90 days, with or without payment of the fine and costs. This sentence, of which respondent complains, allows him to be set at liberty at once, on payment, without any further imprisonment whatever. It is therefore within the authorized punishment, but lighter than it might have been.

It is no ground of error that a sentence is less than it might have been, so long as it does not involve a different kind of punishment than that allowed by law. If there was any error in this sentence it was not against respondent's rights, and he has nothing to complain of.

The judgment must be affirmed.

The other Justices concurred.