[Crim. No. 1145.   In Bank.—June 18, 1904.]

In re JOSEPH REED, on Habeas Corpus.

CRIMINAL LAW—JUDGMENT FOR LESS THAN STATUTORY TERM—HABEAS
    CORPUS.—A judgment for a term of years less than is provided by
    statute, if erroneous upon appeal by the state, is not void for want
    of jurisdiction.  The defendant not being aggrieved, cannot directly
    complain of the error; and it is not ground for his release upon
    *habeas corpus*.

APPLICATION by Hugh O'Neill for Writ of Habeas Corpus on behalf of Joseph Reed to the Warden of the State Prison at San Quentin, who holds the prisoner pursuant to a judgment of the Superior Court of the City and County of San Francisco.  F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

Hugh O'Neill, for Petitioner.

J. W. Tompkins, Warden, Respondent, *in pro. per.*

McFARLAND, J.—Joseph Reed, whose discharge from the custody of the warden of the state prison at San Quentin is prayed for in the petition herein, was charged in the superior court with robbery and a former conviction of petit larceny.  He confessed the prior conviction and pleaded "Not guilty" to the charge of robbery.  On October 22, 1903, he was convicted of an assault with intent to commit robbery; and on November 11, 1903, judgment was entered sentencing him to the state prison for the term of seven years.

It is contended that the judgment above noticed is void for these reasons: Section 220 of the Penal Code provides that a person guilty of an assault with intent to commit robbery is punishable by imprisonment in the state prison "not less than one nor more than fourteen years," and section 666 provides that when a person, having previously been convicted of petit larceny, subsequently commits a crime punishable by imprisonment in the state prison for a term exceeding ten years, such person is punishable by imprisonment in the state prison "not less than ten years"; and it is contended that on account of these provisions the court had no jurisdiction to sentence

Reed for a term less than ten years, and that the judgment is therefore void. But this contention is not maintainable. It is not necessary to consider whether, upon appeal by the state, the judgment would be held to be erroneous and the trial court directed to render a judgment of imprisonment for, at least, ten years. It is not enough on this proceeding of *habeas corpus* to show that the judgment is erroneous. It must be shown that it is void for want of jurisdiction to render it—and that is not shown here. The judgment does not impose any kind of punishment different from that prescribed by the code, and, as was said in the concurring opinion in *Ex parte Soto*, 88 Cal. 629, ''It is within, and not in excess of, the authority of the statute.'' If the judgment had been for ten years, it would have been a judgment for seven years and three years more, and, so far as the mere naked question of jurisdiction is involved, the power to sentence for the longer term includes the power to sentence for the shorter. The judgment is not therefore wholly void; and even if this were a proceeding in which the judgment could be questioned for error, as such error, if any, would have been in favor of Reed, he would not be aggrieved thereby. Moreover, if we could hold here that the judgment is invalid, it is difficult to see what course could be pursued other than to order the trial court to enter the proper judgment for a term not less than ten years, which judgment would be greatly prejudicial to the petitioner, and of course not desired by him. (See *People v. Riley*, 48 Cal. 549.) Petitioner relies on *Ex parte Bernert*, 62 Cal. 524. That case may possibly be distinguished from the case at bar—as the right of a municipality to pass the ordinance for the violation of which the petitioner there was held, and a conflict between such ordinance and the statute of the state, were largely discussed; but if what was decided in that case is irreconcilably inconsistent with the conclusion hereinbefore stated, it must be considered as, to that extent, overruled.

The prayer of the petition is denied, and the said Reed remanded to the custody of the said warden, and the writ is discharged.

Angellotti, J., Shaw, J., Van Dyke, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.