**MATCHOK et al. v. UNITED STATES.**

No. 4603.

Circuit Court of Appeals, Third Circuit.

July 12, 1932.

Sidney Simandl, of Newark, N. J., and I. Faerber Goldenhorn, of Jersey City, N. J., for appellants.

Phillip Forman, U. S. Atty., of Trenton, N. J., and John Grimshaw, Jr., Asst. U. S. Atty., of Paterson, N. J.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

Matchok and Dulleck were indicted, tried, and convicted for possessing and passing counterfeited money with intent to defraud, in violation of section 265, title 18, USCA. On appeal they assign numerous errors. The first is the court's refusal (at the beginning of the trial) to hold the counts bad in that they do not charge offenses against the United States. True, they fail to do so in precise words; yet they clearly charge such offenses by force of the facts alleged. The defendants could not possibly mistake their meaning or suffer any uncertainty as to the offenses for which they were on trial.

Another assignment charges error to the court (at the end of the trial) in imposing sentences of imprisonment alone when the act provides for fine and imprisonment. The defendants rely upon the general rule of law that a judgment rendered by a court in a criminal case must conform strictly to the statute. In re Graham, 138 U. S. 461, 11 S. Ct. 363, 34 L. Ed. 1051. They cite Woodruff v. United States (C. C.) 58 F. 766, in support of their proposition that the sentences, omitting fines, are void even if beneficial to them. This decision, seemingly, is to that effect, though the cases cited do not support it; for instance, a sentence which imposed fine *and* imprisonment under a statute which prescribed fine *or* imprisonment was held void, as it should be.

However, the defendants silently stood by, accepted sentences less severe than those imposed by the statute, made no objection and noted no exception. If the sentences involve error, the defendants have not shown it is prejudicial error, for which alone a reversal would be justified. Nor have they shown, in the absence of exception, a right to have the matter reviewed.

We find that all assignments of error intermediate the two we have discussed are, with one exception, without substance. That one is addressed to the refusal of the court to direct a verdict of acquittal as to both defendants.

Matchok tendered a ten dollar bill for drinks at a saloon in Passaic and another ten dollar bill at a gasoline station in North Bergen, New Jersey, for gas, asking for change. The evidence is amply sufficient to prove that both bills were counterfeited, that Matchok possessed them with intent to pass them and

that he did pass them knowing them to be counterfeits. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Gallagher v. United States (C. C. A.) 144 F. 87. The court committed no error in refusing the motion as to him.

Matchok was the actor in these offenses; Dulleck is charged with aiding and abetting him. He was with Matchok at the time he passed the bill at the saloon, yet there is no evidence that he ever possessed the bill or knew it was counterfeited. The only evidence that he abetted Matchok in passing it was his failure voluntarily to supply change from his own available pocket money when the bartender was not able to change the bill. This, of course, was suspicious, as was his companionship with Matchok—both men having in the past been criminals—yet on the record as made we can find no evidence that sustains Dulleck's conviction. We think the motion for a directed verdict of acquittal as to him should have been granted.

The judgment of sentence against Matchok is affirmed; that against Dulleck is reversed.