## FINLEY v. STATE.

No. A-10990. April 5, 1950.

(217 P. 2d 189.)

J. A. Rinehart, El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Basil R. Finley, was charged by an information filed in the county court of Canadian county with the unlawful sale of one pint of whisky to one G. D. Dixson; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50.

It is contended for reversal of the conviction that the evidence showed that the arresting officer entered the home of the accused without a warrant and was a trespasser and the court erred in refusing to suppress the evidence of the officer upon motion of defendant.

Clarence Lorenzen, a deputy sheriff, testified that on July 30, 1947, about 6:45 p. m. he went to a filling station on Highway 66 near the outskirts of the city of El Reno with a warrant for the arrest of one Sykes who allegedly was the operator of the station.   When Lorenzen arrived at the service station he parked his car in the driveway, and as he proceeded to the door of the station and started in, he saw the defendant lay a bottle of whisky on a shelf and saw G. D. Dixson pick up the whisky and place the pint bottle in his pocket.   The officer demanded the whisky from Dixson and asked Dixson how much he had paid for it, to which Dixson replied $5.50.   Defendant was arrested and taken to jail and asked the arresting officer "if it would be all right to let him lock the doors".

G. D. Dixson testified that he lived at Union City; that he went to the service station in question on the evening of July 30, 1947 to buy some whisky; that he bought a pint of Old Grandad whisky from a man at the service station; that the man at the station placed the pint of whisky on a shelf in the station and the witness placed the sum of $5.50 on the shelf to pay for the whisky.   He had never seen the man who sold him the whisky be-

fore that date and refused to identify the defendant as the person who sold him the whisky. He did state that the man who sold him the whisky was present when Officer Lorenzen entered the station and demanded the whisky which the witness Dixson had placed in his pocket.

The defendant testified that his home was in Oklahoma City, but on the day he was arrested by Lorenzen he was in charge of Mr. Sykes' filling station and was staying there and batching while Sykes was away on a trip to Arkansas. He admitted that he was present at the time of the alleged transaction but specifically denied that he sold any whisky to Dixson.

It was the theory of the defendant that the officer entered the station which was also the home of the defendant without a warrant; that he did not see any crime committed in his presence but arrested the defendant and then learned that a misdemeanor had been committed by questioning the alleged purchaser.

The evidence of the state showed that Officer Lorenzen had a warrant for the arrest of Mr. Sykes who was the operator of the station. Under the authority vested in the officer, he had a right under the warrant to lawfully enter the premises of Sykes for the purpose of making the arrest. When the violation of the liquor law occurred in his presence, the officer had the legal right and it became his duty to make the arrest for such violation. In Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716, 717, this court held:

"Where officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, the officer may without a warrant arrest the person and search his person and immediate possessions for intoxicating liquor."

Other cases sustaining a conviction upon facts similar to those in the instant case are: Tripp v. State, 73 Okla. Cr. 69, 118 P. 2d 273; Blair v. State, 75 Okla. Cr. 265, 130 P. 2d 545; O'Dell v. State, 80 Okla. Cr. 194, 158 P. 2d 180.

As we view this record the officer had a lawful right to go to the station and enter it for the purpose of inquiring concerning the whereabouts of Sykes, the owner of the station. Although defendant testified that he was batching at the station, there was no evidence to show that the room entered by the officer was a part of the living quarters of the defendant. On the contrary, the reasonable inference from the testimony is that the room which the officer entered was a part of the business place of the station and one in which the public entered freely in their business transactions there at the service station.

The burden of proof is upon the defendant to introduce evidence sustaining his motion to suppress evidence when it is claimed the search and seizure of intoxicating liquor is illegal. O'Dell v. State, supra.

In the instant case the defendant was charged with the unlawful sale of whisky and not with the illegal possession of whisky. The law pertaining to search and seizure is really not herein involved. No search was made of defendant but the seizure of the whisky by the officer was from the person of Dixson. Dixson, of course, was a proper witness against the accused in a charge for making an unlawful sale of whisky and the officer had a lawful right to testify to the things that he saw at the place where he had a lawful right to be.

We find no substantial error in the record and the judgment and sentence is affirmed.

BRETT and POWELL, JJ., concur.