Chester E. SMITH, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12424.

Criminal Court of Appeals of Oklahoma.
April 3, 1957.

Rehearing Denied May 22, 1957.

Floyd L. Walker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Chester E. Smith, Jr., defendant below, was charged by information in the Common Pleas Court of Tulsa County, Oklahoma, with the offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. It was alleged the offense was committed on August 18, 1956. The defendant was tried by a jury, convicted, and his punishment fixed at thirty days confinement in the county jail and a fine of $100. Judgment and sentence were entered accordingly from which this appeal has been perfected.

The record reveals that the defendant, on the day in question, was driving his automobile at an excessive rate of speed, 65–70 miles per hour, on 51st Street in the City of Tulsa, in an easterly direction, and drove into the rear of an automobile proceeding in front of him, said automobile being occupied by Mrs. Rosie Ella Barnett. Mrs. Barnett was driving about 20 miles per hour. The impact drove the Barnett car into the back of one driving in front of it, said car being operated by one Horace Adamson. Severe damage was done to the back of the Adamson car and to the front and back of the Barnett car. After the collision, the defendant's car having glanced off the Barnett car, the defendant proceeded up the highway a short distance in front of the other two automobiles involved in the collision. Immediately thereafter, the defendant got out of his car on the driver's side and came back to view the damage. It was observed by both Mrs. Barnett and Mr. Adamson that he reeled or staggered when he walked, smelled of alcohol, was mixed up in his speech, and they testified the defendant was drunk. The defendant remained at the scene of the collision some ten or fifteen minutes, but refused to give his name or address. He left the scene of the collision before the officers arrived and drove away, even though one of his tires was flat which left a tell-tale mark from the wheel rim as he departed and continued on a circuitous route a distance of some eight miles where he stopped.

In response to a radio call, Highway Patrolmen Foutch and Fisher investigated the condition at the scene of the collision and thereafter followed the trail of the defendant's automobile to where they found him in custody of two other Highway Patrolmen. Both Officers Foutch and Fisher testified they observed the defendant in a drunken condition, staggering when he walked, incoherent in his speech, and smelling strongly of alcohol. The defendant was placed under arrest and taken to the Court House where he took an intoximeter test, which disclosed, through the testimony of Homer Spencer, Chemist, and Dr. Myers, he had an alcoholic blood content of .19%, which they said was sufficient to make the defendant drunk and induce the conditions described.

The accused offered no testimony in his own behalf but demurred to the state's evidence and stood on a motion to suppress the evidence offered by the Highway Patrolmen on the ground that the evidence so offered was the result of an unlawful arrest for a misdemeanor not committed in the officers' presence. When it became evident that the state would offer the testimony of the officers who made the arrest, the defendant then interposed the motion to suppress. The trial court immediately overruled the same, with an exception, on the theory it was not timely made in keeping with an order on pretrial on such matters theretofore entered directing that such matters be disposed of before trial.

The Attorney General admits this was error since the defendant cannot be precluded from objecting by previous order setting a date for the hearing of such motions. With this concession, we are in accord. But, this error is not reversible error, for the reason that the evidence sought to be so stricken was clearly admissible.

The defendant contends, however, his arrest being without a warrant for a misdemeanor not committed in the officers' presence was invalid and the evidence so obtained was subject to being attacked.

This point is wholly without merit, in our opinion, for the following reasons: First, the evidence as to the commission of the crime herein charged was not furnished by the officers for they did not see the defendant drive the automobile. The evidence on the charge was furnished by Mrs. Barnett and Mr. Adamson, all of which was clearly admissible. Second, the record shows that when the officers who investigated the collision appeared at the scene of the arrest, the defendant was then in the custody of another unit of the Highway Patrol. These officers could not have taken the defendant into custody for drunken driving because they too did not see him drive. They only knew of his drunken condition. We must presume the officers who had him in custody arrested the defendant because he was drunk in a public place. Third, the officers' testimony only relates to the defendant's condition at the place of arrest, and the conditions they observed at the scene of the collision, all of which is admissible. Such being the condition at the time of the arrest, the officers needed no warrant to effect the same.

■■■■ The contentions of the defendant, herein, have been decided adversely to him in Hoskins v. State, Okl.Cr., 286 P.2d 293, where the issues were similar to those herein involved. Therein, syllabi 1, 2, and 3 read as follows:

"Any evidence discovered by an officer when he is in a place where he has a legal right to be, is admissible in evidence to support a charge where such evidence would be involved.

"The mere fact of the illegality of an arrest, as where an officer makes an arrest without a warrant for a misdemeanor not committed in his presence, cannot render inadmissible evidence obtained at the time of such arrest, providing such evidence is otherwise admissible.

"Where the defendant pleads to the merits of a criminal action, he waives all objection to the legality of his arrest."

In the body of the opinion, it is further said, at pages 294–295:

"At this point it should be made clear that officer Baker had no authority to arrest the defendant at the scene of the car accident on the night in question for a past misdemeanor not committed in his presence, Lyons v. Worley, 152 Okl. 57, 4 P.2d 3, and cases cited; Graham v. State, 31 Okl.Cr. 125, 237 P. 462; Tit. 22 O.S.1951 § 196, even though an arrest might have been made for drunkenness in a public place.

* * * * * *

"No motion to quash the information or otherwise attacking the validity of the arrest was made. It was later and on November 30, 1954 that the defendant filed his motion to suppress the evidence.

* * * * * *

"In the within case, no search is involved, * * * the officers were at a place where they had a right to be when they obtained the evidence now questioned. Finley v. State, supra; (91 Okl.Cr. 137, 217 P.2d 189); Bullington v. State, 38 Okl.Cr. 214, 259 P. 876; Jones v. State, 95 Okl.Cr. 323, 245 P.2d 756; Pauley v. State, Okl.Cr., 275 P.2d 331. The court did not err in overruling the motion to suppress."

For the foregoing reasons, the judgment and sentence is accordingly affirmed.

POWELL and NIX, JJ., concur.