Howard G. FARNSWORTH, Plaintiff in
Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12701.

Court of Criminal Appeals of Oklahoma.

April 15, 1959.

As Corrected May 20, 1959.

Rehearing Denied June 24, 1959.

As Corrected July 10, 1959.

Second Petition for Rehearing Denied
Sept. 9, 1959.

Cal Hamilton, F. J. Lucas, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, hereinafter referred to as defendant, was tried before a jury and convicted in the Municipal Criminal Court of the city of Tulsa, of the charge of driving an automobile while under the influence of intoxicating liquor, and the penalty was fixed by the jury at confinement in jail for ten days.

The record developed that the defendant was a responsible business man of Tulsa,

age 68; that he drove ahead of the prosecuting witness to a street intersection in Tulsa, and stopped at a stop sign, but apparently decided that his vehicle protruded out too far in the cross-street, and suddenly backed his car up with such force as to bend the grill guard and the grill on the car of prosecuting witness, who thereafter telephoned the police. The police officers, on questioning defendant concerning the traffic accident, concluded from alcoholic breath and manner of speech that defendant was intoxicated, placed him under arrest and took him to jail.

The record reflects that on June 28, 1958, an information was filed against defendant, charging him, not with the misdemeanor that took place in the presence of the officers, to-wit: Drunkenness in a public place (22 O.S.1951 § 196; 37 O.S.1951 § 8), but with the offense of driving a motor vehicle on a public street while under the influence of intoxicating liquor. 47 O.S. Supp. § 93.

On June 30, 1958, defendant was arraigned, entered a plea of not guilty, demanded jury trial, and appearance bond was filed.

On October 2, 1958, defendant filed a motion to suppress, but prior to the motion being acted on, and on October 7, 1958, the day the case had been set for trial, counsel filed a motion to quash the information. No evidence was heard in support of either of the motions, but it was stipulated that the defendant had an accident at Denver and Marshall Streets, in the city of Tulsa, which was not witnessed by the officers; that the officers did not see it in that they arrived at the scene some minutes after the accident, and that as a result of their investigation charges were filed. The State refused to stipulate that no offense was committed in the presence of the officers, but only that no traffic offense was committed in the presence of the officers. Whereupon, the court stated:

"There is no stipulation that there was no offense committed in the officers' presence.

"Mr. Hamilton [defense counsel]: The stipulation shows he was arrested on a drunk driving charge.

"The Court: Let the court complete his remarks. Then the only thing I can do is to overrule the motion to quash. Consider the motion to quash presented and that no evidence was shown that an offense was not committed in the officers' presence, it being theoretical when officers arrived at the scene there was some offense committed in their presence."

Following the above ruling the State produced as a witness Elmer F. Bohanan, who testified to the accident in question. He said that prior to the accident he noticed defendant's car weaving over the road, and zig-zagging. He said that when he discovered the defendant was going to back his car after stopping at the stop sign, witness sounded his horn to no avail. He said that when the officers arrived they had both witness and defendant get in their car for statements concerning the accident. Witness gave it as his opinion that defendant had been drinking intoxicating liquors of some kind.

Officer Tommy Marrs, of the Tulsa Police Department, said that on June 28, 1958 he investigated an automobile accident at Marshall and Denver at request of police dispatcher, and arrived at the scene three or four minutes after the accident. The defendant's car and the Bohanan car were still in the same position as at time of accident. The major damage was to the Bohanan car. The parties got in the police car. Defendant did not talk plain and staggered to the police car and had the odor of alcohol about his person, and the officers placed him under arrest and took him to the squad room at the police station, where Lt. Haddock gave him some manual tests for intoxication.

Lt. Haddock stated that he talked with defendant for fifteen or twenty minutes; that defendant said he had two drinks of whiskey, but did not state the size. He said defendant tried to walk a straight

line 12 to 14 feet long and staggered off the line five times; that he fumbled coins he was asked to pick up, and that witness gave defendant a number of other tests that he described and said defendant failed all the tests. It was the conclusion of witness, based on the tests made, that defendant was under the influence of intoxicating liquor at the time.

This closed the evidence for the State, and defendant renewed his motion to quash, which was overruled.

The defendant testified and said that he had, just prior to the accident, visited his attorney, Mr. Pinson, who lived nearby. Defendant was in the oil business and the call was a business call. Defendant claimed that when he stopped at the stop sign the prosecuting witness ran into the rear of his car. Defendant denied that he backed his car. He admitted that he might have been unsteady on his feet, but said that it was for the reason that both of his ankles had been broken and his right ankle gave him considerable trouble, and he had to wear special supports. He said that he had undergone a number of corrective operations. Defendant admitted that he had two fair-sized drinks of whiskey prior to leaving Mr. Pinson's home. He said that he was there about an hour, and the accident happened at about 5:57. He denied that he was intoxicated. Defendant admitted that on May 17, 1955, he had been convicted of public drunkenness in the municipal criminal court of Tulsa.

Mr. Paul Pinson, semi-retired attorney, testified to the defendant visiting him the day in question, and said that after talking over some business, defendant had a couple of drinks. He said that if he had thought defendant was under the influence of intoxicants he would have driven him home.

■ The question of whether the defendant was under the influence of intoxicants while driving his automobile was, under proper instructions, submitted to the jury. We have uniformly said that where evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh same and determine the facts. Ryan v. State, 97 Okl.Cr. 119, 258 P.2d 1208.

■ While three State witnesses and one defense witness were permitted to testify as to whether or not in their opinion the defendant was under the influence of intoxicating liquors at near the time of the accident, such opinions were based on observations of the defendant at the time, rather than a stated hypothetical situation, and the witnesses did not have to qualify as experts. An instruction covering expert testimony was not, therefore, called for. No such instruction was requested.

■ The question determinative of reversible error is whether or not the court erred in overruling the motion to suppress the evidence of the policemen, and whether or not the court erred in overruling the motion to quash.

■ From our recitation of the happenings in court at the time the two motions in question were overruled, we must conclude that the court did not err. It is true that the officers did not witness the automobile accident, and that they had no right to arrest the defendant without a warrant for a misdemeanor not committed in their presence. Graham v. State, 31 Okl.Cr. 125, 237 P. 462; Keith v. State, 30 Okl.Cr. 168, 235 P. 631; Lyons v. Worley, 152 Okl. 57, 4 P.2d 3. Yet they did have a right to arrest the defendant for any other misdemeanor, or felony as for that, committed in their presence. The court specifically found that in the absence of a stipulation that no misdemeanor was committed in the presence of the officers, thus giving them grounds for an arrest, he would overrule the two motions.

The record is not clear as to what the officers advised the defendant was the cause for his arrest. However, no charge of public drunkenness, an offense shown to have been committed in the presence of the officers, was filed, but instead, they filed a charge of driving an automobile while under the influence of intoxicating liquor,

an offense shown not to have been committed in their presence.

The question presented has previously been before this court.

It has been noted that an information was filed against defendant on June 28, 1958 and that on June 30, 1958, he did not file a demurrer or a motion to suppress or quash, but entered a plea of not guilty. The two motions in question were not filed until October 2 and 7, respectively.

■■ Determinative of the issue is the case of Hoskins v. State, Okl.Cr., 286 P.2d 293, where we said:

"Any evidence discovered by an officer when he is in a place where he has a legal right to be, is admissible in evidence to support a charge where such evidence would be involved.

"The mere fact of the illegality of an arrest, as where an officer makes an arrest without a warrant for a misdemeanor not committed in his presence, cannot render inadmissible evidence obtained at the time of such arrest, providing such evidence is otherwise admissible."

See in connection with the above case, Smith v. State, Okl.Cr., 311 P.2d 275. A study of the cases should make clear the answer to the question raised.

The judgment appealed from is affirmed.

NIX and BRETT, JJ., concur.

On Petition for Rehearing

PER CURIAM.

■ Plaintiff in error insists that the within case should be decided upon an alleged stipulation that he claims was entered into between Mr. Hamilton, counsel for the defendant, and Mr. Wilder, Assistant City Attorney of Tulsa, to support a motion to suppress evidence obtained without aid of a warrant of arrest for an offense not committed in the presence of the arresting officer.

This motion was filed on October 2, 1958. Also, in support a motion to quash the information was filed on October 7, 1958, based on substantially the same grounds. Defendant had entered his plea of not guilty on June 30, 1958, and we do not find in the record where the court permitted the defendant to withdraw his plea of not guilty and plead. We do find in the record where counsel for the defendant, in order to not have to produce evidence in support of his motions, endeavored to get the city attorney to agree to certain statements that counsel dictated, and after the court had ruled adversely to defendendant, stated: "Comes now defendant and re-enters his plea of not guilty and asks for a jury trial."

Such statement made by counsel is not conclusive that the court had permitted a withdrawal of the plea. But be that as it may, we shall treat the matter as if the record would properly support the contention now urged. The question then, under such situation, is whether the evidence of the two officers, Tommy Marrs and A. R. Haddock, should have been, by reason of the stipulation as distinguished from their actual testimony on trial, suppressed.

Counsel for the defendant sought to get the city attorney to stipulate that no offense was committed in the presence of the arresting officers, and that the officers arrested defendant, not for drunkenness in a public place, but actually for driving while under the influence of intoxicating liquor, the charge for which he was tried.

The attempted stipulation does not make it clear that the city attorney ever stipulated that no offense was committed in the presence of the arresting officers, but only that the officers did not see defendant when he had a collision with the car of prosecuting witness Bohanan, or see defendant driving his car.

The record discloses the following:

Mr. Hamilton, defense counsel: "Upon this motion to suppress and the motion to quash, the evidence will disclose the fact that after a small accident had occurred between a car driven by the defendant in this case and

the one driven by the prosecuting witness in this case, some one called the police department and the officers arrived on the scene.

"The Court: For the record, let's be sure the prosecutor will stipulate. Do you have something to put in the record you can stipulate as to the facts in this case to forego the necessity of putting on any evidence?

"Mr. Wilde: I think we can stipulate.

"Mr. Hamilton: This defendant had an accident at Denver and Marshall Streets in the City of Tulsa, which was not witnessed by police officers; the officer didn't see it. That the officer arrived at the scene some minutes after the accident, and as a result of their investigation these charges were filed.

"If your Honor please, so there may be no question about it, I think the facts are when the officer arrived at the scene the defendant in this case was outside of his automobile, and the officers did not see the commission of an offense or a traffic violation or reckless driving or any other traffic violation, and arrested him at the scene on a charge of drunk driving, and after arresting him and placing him in jail, filed an information of drunk driving, and filed no other information.

"Mr. Wilde: We can stipulate that.

"Mr. Hamilton: Now your Honor, here is the question in this case—I am serious about it.

"The Court: It is impossible for the court to decide in the absence of a stipulation that no offense was committed in the presence of the officers and in the absence of any evidence being produced that any offense was committed in the presence of the officers—

"Mr. Hamilton: This stipulation shows he was arrested.

"Mr. Wilde: *The stipulation says no traffic offense was committed in his presence.*

"The Court: There is no stipulation there was no offense committed in the officer's presence.

"Mr. Hamilton: The stipulation shows he was arrested on a drunk driving charge.

"The Court: Let the court complete his remarks. Then the only thing I can do is to overrule the motion to quash. Consider the motion to quash presented and that no evidence was shown that an offense was not committed in the officer's presence, it being theoretical when officers arrive at the scene there was some offense committed in their presence.

"Mr. Hamilton: The stipulation shows that the arrest was made for drunk driving."

Now if the city attorney had stipulated that defendant was not intoxicated when the officers arrived at the scene of the accident and that no offense was committed in the presence of the officers, then we think the city attorney would have stipulated himself out of court.

The court did not think the city attorney so stipulated and we think the record quoted above supports the thought expressed by the court.

When the officers testified, as set out in the opinion above, they testified that in their opinion the defendant a few minutes after the accident, when they came to investigate and were in a place where they had a right to be, they found defendant under the influence of intoxicants, and arrested him and took him to the city jail. It is not clear what they told defendant they were arresting him for. Of course, all they had a right to arrest him for in the absence of a warrant of arrest was for an offense committed in their presence, and the only offense shown to have been committed in their presence, as set out, was drunkenness in a public place. We assume that was what happened but even if they had made an illegal arrest for an offense not committed in their presence, that would not prevent the officers on trial for some other

offense (in this case driving while under the influence of intoxicating liquor) from testifying to an offense that was actually committed in their presence (intoxication in a public place) if such evidence was material in support of some other charge. For here, as we have seen, the State relied on the witness Bohanan to prove that defendant was driving his car in an erratic manner and actually backed into the Bohanan car, and proved by the officers that minutes after the accident they found defendant in a state of intoxication at the scene of the accident.

In the case of Hoskins v. State, Okl.Cr., 286 P.2d 293, 295, where the facts of the arrest were similar to the within case, we said:

"The patrolman had for consideration whether or not he would arrest the defendant without a warrant for a misdemeanor committed in his presence, to wit: Drunkenness in a public place, Tit. 37 O.S.1951 § 8, or some other charge. He took defendant into custody. The record discloses that the present charge was approved by an assistant county attorney the next day, and a warrant issued.

"At this point it should be made clear that officer Baker had no authority to arrest the defendant at the scene of the car accident on the night in question for a past misdemeanor not committed in his presence, Lyons v. Worley, 152 Okl. 57, 4 P.2d 3, and cases cited; Graham v. State, 31 Okl.Cr. 125, 237 P. 462; Tit. 22 O.S.1951 § 196, even though an arrest might have been made for drunkenness in a public place. But the fact that officer Baker apparently arrested the defendant on the charge of drunk driving rather than merely drunkenness does not brand as inadmissible the evidence obtained at the scene of the accident, for the simple reason that it was within the province of the duties of both the Edmond policemen and the State Highway patrolmen to investigate motor vehicle accidents in public places. Having a

right to be where they were, any evidence discovered was admissible. Finley v. State, 91 Okl.Cr. 137, 217 P.2d 189.

"It should be kept in mind that the county attorney decides what cases to file or not to file. In Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 514, 212 P.2d 144, we said 'The county attorney acts under a discretion committed to him for public good, and one of his most important functions is to select, out of what the law permits, the charges which he will bring against the offenders.' See cases cited."

It will be noted that no evidence was offered in the within case that was obtained by reason of an illegal search, if the arrest was actually made for driving a motor vehicle while under the influence of intoxicating liquor. Such evidence would have been subject to suppression on timely objection, whether a motion to suppress had ever been filed or not. See Shirey v. State, Okl.Cr., 321 P.2d 981, 982, citing Kelso v. State, 97 Okl.Cr. 215, 260 P.2d 864, and White v. State, 81 Okl. Cr. 399, 165 P.2d 151, and in which Nix, J., speaking for the Court, in paragraph 4 of the syllabus said:

"Objection to evidence obtained by unlawful arrest was timely when interposed during course of examination, when it became apparent what the state intended to rely upon."

We hold that under the facts in this case, the testimony of the officers with reference to the condition of the defendant as to intoxication at the scene of the accident minutes after it happened was properly received, and that the court did not err in overruling the motion to suppress or the motion to quash the information.

■ The defendant further contends that the judgment and sentence is void since the statute, 47 O.S.Supp. § 93, fixes the punishment by imprisonment at not less than ten days nor more than one year *and* a fine of not more than $500, and the jury and trial court failed to assess a fine.

This contention is wholly without merit. In Ex parte Clarke, 30 Okl.Cr. 259, 236 P. 66, in the body of the opinion, appropriate to the issue herein raised, this Court said:

"He urges the novel claim that, because no fine was assessed against him, the penalty of confinement is void; that the court was without jurisdiction to render judgment for confinement alone. In other words, he complains, not of an excessive penalty, but of the fact that the court and jury failed to assess a fine against him in addition to imprisonment, and claims that such failure operates to avoid the judgment of confinement in the penitentiary.

"The weight of authority is the other way. A sentence which is for less than the statute prescribes is usually not void but merely erroneous. In re Reed, 143 Cal. 634, 77 P. 660, 101 Am.St.Rep. 138; 8 R.C.L. 238.

"Our own court has held, pursuant to statute, that, where a jury assesses punishment greated than the law prescribes, the defendant shall be given the maximum prescribed by the statute. Section 2752, Comp.Stat.1921 [22 O.S.1951 § 928]; In re Taylor, 7 S.D. 382, 64 N.W. 253, 25 [45] L.R.A. 136, 58 AmSt.Rep. 843.

"Since it is the policy of our law, made so by statute, where an excessive penalty is imposed, to enforce the punishment within the bounds prescribed by law, thus holding that the judgment is not void but merely erroneous, by analogy it would seem that, if the penalty assessed merely omitted the fine and provided for confinement within the maximum prescribed by statute, the punishment to that extent should be upheld.

"This conclusion is further confirmed by another well established principle of law, to wit, that, where a court has jurisdiction of the person and the offense, a defendant cannot take advantage of an error in his favor. Under such circumstances the state alone may complain. That such a judgment is only erroneous and not void, see section 3092, Criminal Law, 16 C.J. 1311; Caudill v. State, 9 Okl.Cr. 66, 130 P. 812; Ex parte Shaw, 7 Ohio St. 81, 70 Am.Dec. 55; Freeman on Judgments, § 625; 3 Wharton, Criminal Law, § 3403; 1 Bishop, Criminal Law, § 930.

"In this case the court had jurisdiction to impose a penalty of confinement, as was done, for a period of 5 years, and, because the court failed or refused to assess a fine in addition thereto (assuming that the statute so requires) that fact should not divest the court of its jurisdiction to impose the confinement. The court did not exceed its jurisdiction; it merely failed to exercise to the fullest extent the jurisdiction it possessed."

See also 15 Am.Jur. 119, Criminal Law, § 461; 17 C.J. 362; 24 C.J.S. Criminal Law § 1941, p. 1072, note 18, and many cases cited thereunder holding:

"Errors in the verdict which are favorable to accused do not form the basis for complaint."

This is true where the punishment assessed is imprisonment only in a case where it should be both fine and imprisonment. 24 C.J.S. Criminal Law § 1932, p. 1065, note 21; Cornett v. State, 40 Okl.Cr. 172, 267 P. 869, which reviews cases of this character, sustains the text, and expresses the policy of the law as to error favorable to the defendant. Many cases of like import to the case at bar are discussed therein. They are all contrary to the defendant's contention. Coleman v. State, 6 Okl.Cr. 252, 118 P. 594; Orme v. Commonwealth, 21 Ky.Law Rep. 1412, 55 S.W. 195; Nichols v. State, 127 Ind. 406, 26 N.E. 839; Bishop v. State, Ark., 14 S.W. 88; McQuoid v. People, 3 Gilman 76, 8 Ill. 76; Covy v. State, 4 Port., Ala., 186; People v. Bauer, 37 Hun, N.Y., 407; People v. Rouse, 72 Mich. 59, 40 N.W. 57; Wattingham v.

State, 5 Sneed 64, 37 Tenn. 64, and other cases cited and discussed in Cornett v. State, supra, and applicable herein. The foregoing rule is supported by the great weight of authority.

This record does not disclose any objection to the verdict at the time it was rendered by the jury, but the defendant silently stood by and accepted it. He did likewise as to the judgment and sentence. If the situation involved error, the defendant has not shown it was prejudicial, which alone would require a reversal. Nor has he shown in the absence of an objection a right to have the matter reviewed. Matchok v. United States, 3 Cir., 60 F.2d 266, a case clearly in point.

We believe the jury intended the minimum sentence but overlooked, as did the trial court, the imposition of the fine. Under the conditions herein, the defendant cannot complain of having received less than the minimum sentence. The petition for rehearing is denied.