George W. JACKSON, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13898.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1968.

John L. Dunn, Robert P. McCormick, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from the Municipal Criminal Court of the City of Tulsa, wherein plaintiff in error, hereinafter referred to as defendant, was convicted of the offense of being in "actual physical control of an automobile, while under the influence of intoxicants".

The pertinent parts of the information filed in this case read as follows:

"On or about the 8th day of August, 1965, within the corporate limits of the City of Tulsa, * * * George W. Jackson, * * * did then and there unlawfully and wrongfully, wilfully and knowingly was in actual physical control of a 1961 Chevrolet truck * * * at Archer and Boulder Street while said defendant was under the influence of intoxicating liquor, * * *."

Defendant waived a jury trial and was tried before the Honorable Luther P. Lane, Judge of the court. On October 28, 1965 defendant was found guilty, fined $10 and court costs, and sentenced to serve ten days in the county jail.

Defendant's appeal was filed in this Court on January 4, 1966 and the Attorney General filed his motion to dismiss, which was

overruled. Thereafter, the Attorney General filed a motion to reconsider his motion to dismiss, which is herewith overruled, and this matter is decided on its merits.

The testimony of this trial was somewhat contradictory. However, these facts seem to have been developed. Defendant drove his pick-up truck into a parking meter, damaging the parking meter, and turning his truck over on its side. When officer Chisum arrived at the scene, he found the defendant standing in the street outside his vehicle, having been aided in his exit from the vehicle by some stranger. The second officer, Officer Plowman, arrived shortly thereafter, and conducted an investigation. He then transported the defendant to the city jail, where defendant was "booked", and where he filed his written accident report. That report, coupled with parts of the testimony of the two officers, is the principal basis for defendant's argument for reversal of this case.

Both officers testified that in their opinion the defendant was intoxicated. On direct examination Officer Plowman testified that defendant was "very inebriated". On cross-examination, defense counsel attempted to impeach the testimony of Officer Plowman by introducing the accident report which the officer filed.

In that section of the accident report which provides for an indication of the parties, and which is headed: "CONDITION OF DRIVER AND PEDESTRIAN", the officer checked item number nine. That item indicates, "DRINKING—NOT KNOWN WHETHER IMPAIRED". This was the first inconsistency of testimony argued by defendant.

However, we observe that on re-direct examination Officer Plowman explained that the report was commenced at the scene of the accident, and when he reached the police station he completed the report before filing it. At the completion of the report the officer took the defendant to another room to conduct the "physical tests", i. e., walking a straight line, placing the fingers on the nose, etc. The officer testified that the defendant performed very poorly on the physical tests, which indicated his condition of intoxication, and which determined the question concerning whether or not defendant's ability to drive was impaired. He had already indicated that defendant had been drinking, when he filed his report, and after the tests were completed, he knew defendant's driving ability was impaired.

■ The record filed in this case clearly reveals that the trial judge did, at one point, consider the testimony of Officer Plowman to have become doubtful, until the further explanation was offered on re-direct examination. It is also clear that such doubt cleared up, as the trial progressed to its conclusion. In resolving any case, it is required of the jury, or the judge when the jury is waived, to consider all the evidence presented in reaching a verdict. In this case, we believe the trial judge did consider all the evidence offered, in order to resolve any reasonable doubt he might have entertained.

We therefore conclude that defendant's first proposition is unfounded. He states in his brief: "The court said at the conclusion of all testimony that the judge or jury would probably give him [defendant] the benefit of a reasonable doubt if his background was good, but his background was bad, that is why he found the plaintiff guilty as charged but if he came before him as a hard working individual with no criminal record he would acquit him, but I can not do it, so I find him guilty."

The record reflects that the trial judge did make such statement, but not until after the defendant took the stand in his own behalf, and admitted that he had previously plead guilty to: one charge of reckless driving, one charge of careless driving, and one charge of public drunkenness. In addition to such admissions, the defendant admitted to having drunk two or three beers during the previous four hours. Upon further cross-examination he stated, "that is all I can recall buying."

We observe that it is proper for the jury to consider previous convictions, when such are properly admitted, as they relate to the weight or credibility to be given the testimony of the witness. When the jury is waived, the trial judge may properly make the same consideration, as was done in the instant case concerning defendant's testimony.

When there is conflicting evidence, such conflict is left to be resolved by the jury, or when the jury is waived and the matter is submitted to the judge, such conflict is resolved by the judge. In this case that conflict which might appear to have existed was resolved against the defendant.

Defendant relies on Farnsworth v. State, Okl.Cr., 343 P.2d 744, to support his proposition that no offense was committed in the presence of the officers, and hence the arrest was improper. We observe the third paragraph of the syllabus in the Farnsworth case recites, as follows:

"Where police officers did not see accident but arrived at scene some minutes after accident, officers had no right to arrest defendant without a warrant for misdemeanor offense of drunken driving since such offense was not committed in their presence; however, officers had right to arrest defendant for any other offense committed in their presence, such as drunkenness in a public place, and when that was the case the officers were properly permitted to testify in drunken driving prosecution that defendant did not talk plain and staggered to police automobile and had odor of alcohol about his person and that manual tests for intoxication given to defendant at police station indicated that defendant was under influence of intoxicating liquor."

Defendant in the instant case was in much the same situation as was Farnsworth in Farnsworth v. State, supra.

Defendant's second proposition, which complains about Officer Plowman's testi-

mony differing from his report has already been answered.

We are, therefore, of the opinion that this case should be, and the same is, affirmed.

BUSSEY, J., concurs.