**Herman Ray NEELY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–74–537.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1974.

Leon E. Tabor, Jim Pearson, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Amalija J. Hodgins, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Herman Ray Neely, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRM-74-380, of the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S., 11-902. His punishment was fixed at a term of ten (10) days in the County jail. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Max Robinson testified he was employed as an Oklahoma City Police Officer on February 8, 1974. At approximately 12:30 a. m. on that date he observed the defendant's vehicle strike the curb as it approached the intersection at 36th and South Pennsylvania. He then observed the defendant driving his vehicle in an erratic manner, moving back and forth across the lane divider. The defendant's vehicle was then stopped. Officer Robinson then observed the defendant move to the right side of the car. The passenger in the defendant's vehicle got out of the car and walked to meet the officer. Officer Robinson told the passenger that he wished to talk to the driver whereupon the passenger replied that the driver was drunk. Officer Robinson then walked up to the passenger side of the vehicle where the defendant was now sitting. He asked the defendant to step out of the vehicle and asked to see his driver's license. The defendant indicated he did not have a driver's license. Officer Robinson then noted a strong odor of alcohol emanating from the defendant. He then asked the defendant to sit in his patrol car. He observed the defendant was staggering, that his eyes were red and watering and that his speech was slurred.

On redirect examination Officer Robinson testified that he arrested the defendant for driving under the influence of alcohol because in his opinion he felt the defendant was under the influence of alcohol.

For the defense W. T. Archer testified he was employed by the State of Oklahoma as a technician for the Water Resources Board and that he was also the owner of a beer lounge located at 4304 South May Avenue in Oklahoma City, Oklahoma. He further testified that during the evening in question he had been working with the defendant at the Rojo Lounge from approximately 9:00 until midnight laying carpet. During this entire period the defendant consumed approximately two and a half to three small glasses of beer. Witness Archer further testified that in his opinion the defendant was not intoxicated when he left his bar. He concluded his testimony by indicating that he had known the defendant for three years, that he was married, had five children, was self-employed and did jobs such as laying carpet, painting and carpentry work.

The next witness for the defense was Ray Colburn. He testified that he was employed as a truck driver and worked for American Farm Lines. He further testified that he knew the defendant and saw him at approximately 12:15 a. m. at his (the witness') home. The defendant had come to his house to borrow a gas can and wanted to know the location of an all night service station. He concluded his testimony by stating he did not notice the odor of alcohol about the defendant, that defendant did not stagger, his speech was not slurred and there was nothing unusual about the appearance of his eyes.

Defendant's first proposition asserts the trial court erred in overruling his motion for mistrial. Under this proposition defendant complains of two statements made by the arresting officer during the trial. At page 5 of the transcript the following is found:

"Q. Is there another passenger in this vehicle?

"A. There was a passenger in the vehicle.

"Q. Did you determine who that was?

"A. Well, he got out, I met him at that time.

"Q. All right.

"A. And as he was coming back—

"Q. Are you talking about Mr. Neely or the passenger?

"A. No. This passenger got out of the car onto the right side of the car and was coming back and as I was walking towards him I said, 'I want to talk to the driver of this vehicle' and he looked kind of like that (indicating) and says, 'He is drunk.' "

At pages 6 and 7 of the transcript the following question and answer are found:

"Q. Okay. What occurred at that time?

"A. I asked him to step from the vehicle and I asked him for his driver's license and he said he didn't have any—"

The defendant contends that the statement "He is drunk," was improperly admitted. Defendant further contends that the admission and evidence of the fact that the defendant did not have a driver's license was in the nature of an evidentiary harpoon.

We cannot agree with either of these contentions. In the case of Wafers v. State, Okl.Cr., 444 P.2d 825 (1968), this Court held in syllabi 2:

"The statements and exclamations or acts and conduct of third persons are admissible in evidence when they are so closely connected with the crime as to constitute part of the res gestae."

Also see, Fritts v. State, Okl.Cr., 487 P.2d 1188 (1971) and McGugan v. State, 82 Okl.Cr. 130, 167 P.2d 76 (1946).

■ Although the statement concerning "He is drunk," was not responsive to the District Attorney's question, we believe that statement as well as the other complained of statement was properly admitted as part of the res gestae. We therefore find this assignment of error to be without merit.

Defendant's final proposition of error asserts the trial court erred in submitting a verdict irregular in form to the jury and imposing a sentence on the irregular verdict. The verdict form submitted to the jury by the trial court reads as follows:

"We, the jury empaneled and sworn in the above entitled cause, do, upon our oaths, find the Defendant guilty and fix his punishment at ——— days in The County Jail and/or $———fine.

On this verdict form the jury turned a verdict assessing the defendant's punishment at ten (10) days in the County jail and/or Twenty-Five ($25.00) dollars fine. The defendant's argument that the "and/or" insured that the jury would have to return an ambiguous verdict, for the reason that it is impossible to know whether the jury wished to impose the jail sentence and the fine of $25.00 or whether it wished to choose only one of the two punishments.

■ We find this contention to be wholly without merit. First we observe that the defendant failed to object to the verdict form nor did he raise this error in his motion for new trial. In the case of Gant v. Raines, Okl.Cr., 377 P.2d 603 (1963), this Court held in syllabi 2:

"Where verdict is irregular in form, but is not objected to at time it is returned, and court given opportunity to have jury correct it, every intendment will be indulged to uphold it, and where from examination of verdict and entire record, intent of jury as expressed in verdict may be clearly ascertained, it will be upheld."

Further, the record reveals that the trial court, upon imposing sentence on the verdict, struck the $25.00 fine and imposed only a ten day jail sentence on the defendant, this being less than the minimum punishment provided by law. Although we

find that the verdict form submitted by the trial court was error, we cannot see how the defendant can claim prejudice when he received punishment less than that required by the statute. See Farnsworth v. State, Okl.Cr., 343 P.2d 744 (1959).

It is therefore our opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BRETT, J., concur.