Ronald J. WALKER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–175.

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1975.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Ronald J. Walker, hereinafter referred to as defendant, was charged with the offense of Driving While Under the Influence of Intoxicating Liquor, second offense, in the District Court, Tulsa County, Case No. CRF–74–1731. Defendant was tried in a non-jury trial wherein both sides stipulated to the testimony presented at the preliminary hearing. On the basis of this evidence the trial court found the defendant guilty and fixed his punishment at a term of one (1) year in the Tulsa County jail and a fine of One Hundred ($100.00) Dollars. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the preliminary hearing Marvin Culver testified he was employed as an Oklahoma Highway Patrolman. On July 28, 1974, he was dispatched to the scene of an accident located in the 6300 block of North Trenton in Tulsa, Oklahoma. On arriving at the scene he observed a vehicle setting over a gas meter and approximately 20 people milling about. During his investigation he ascertained that the defendant was the driver of the vehicle. Trooper Culver addressed himself to the defendant who stated he was the driver of the vehicle. Trooper Culver further testified that he observed the defendant to have the odor of intoxicants about his breath and person. His eyes were bloodshot, he was unsteady on his feet and his speech was slurred. In Officer Culver's opinion the defendant was intoxicated. He therefore placed the defendant under arrest for Driving Under the Influence of Intoxicants and transported him to the Tulsa County jail where the defendant was administered a blood test.

George Flatt testified that he lived at the address at which the broken gas meter was found. He further testified that he was in the process of backing his own vehicle from his driveway when he observed defendant's vehicle back over the curb and strike the gas meter. Witness Flatt then identified the defendant as the person who had been driving the vehicle which struck and broke the gas meter. The police arrived at the scene approximately 10 to 15 minutes after the accident.

■ Defendant's first assignment of error asserts his arrest was unlawful and the trial court erred in overruling defendant's Motion to Quash Arrest and Suppress Evidence.

In the case of *Hoskins v. State,* Okl.Cr., 286 P.2d 293 (1955), a case with similar facts as the case at bar, this Court stated at page 295 of the official opinion:

"At this point it should be made clear that officer Baker had no authority to arrest the defendant at the scene of the car accident on the night in question for a past misdemeanor not committed in his presence, *Lyons v. Worley,* 152 Okl. 57, 4 P.2d 3, and cases cited; *Graham v. State,* 31 Okl.Cr. 125, 237 P. 462; Tit. 22 O.S. 1951 § 196, even though an arrest might have been made for drunkenness in a public place. But the fact that officer Baker apparently arrested the defendant on the charge of drunk driving rather than merely drunkenness does not brand as inadmissible the evidence obtained at the scene of the accident, for the simple reason that it was within the province of the duties of both the Edmond policeman and the State Highway patrolmen to investigate motor vehicle accidents in public places. Having a right to be where they were, any evidence discovered was admissible. *Finley v. State,* 91 Okl.Cr. 137, 217 P.2d 189."

Also see, *Jackson v. State,* Okl.Cr., 437 P.2d 559 (1968) and *Farnsworth v. State,* Okl.Cr., 343 P.2d 744 (1959).

It is therefore our opinion that the testimony of Officer Culver, with reference to the condition of the defendant as to his intoxication at the scene of the accident shortly after it happened, was properly admitted into evidence, and the trial court did not err in overruling defendant's Motion to Supress, as Officer Culver was at a

place where he had a right to be when he obtained the evidence now questioned.

■ Defendant's final assignment of error asserts that the evidence was not sufficient to sustain defendant's conviction. We are of the opinion that there is competent evidence in the record from which the trier of the facts could reasonably conclude that the defendant was guilty as charged. Under such circumstances, we have consistently held the Court of Criminal Appeals will not interfere with the verdict or finding of guilty by the trier of the facts, since it is the exclusive province of the trier of facts to weigh the evidence and determine the facts. See, *Williams v. State,* Okl.Cr., 373 P.2d 91 (1972).

Finding no error sufficient to justify modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby *affirmed.*

BRETT, P. J., and BLISS, J., concur.