## Best v. Commonwealth.

(Decided February 6, 1925.)

### Appeal from Letcher Circuit Court.

Searches and Seizures—Search of Person Not in Automobile Directed by Search Warrant to be Searched Held Unlawful.— An officer under a search warrant authorizing him to search an automobile had no right to search accused while he was not in the automobile, and not its owner, merely because such officer suspected a bulky package in his possession to contain contraband liquor; Acts 1922, c. 33, section 1, not authorizing unreasonable searches and seizures inhibited by Constitution, section 10.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The warrant issued by the justice of the peace under which appellant, A. C. Best, was arrested charged him with all the offenses denounced by section 1 of our prohibition act, being chapter 33, page 109, Acts 1922. Appellant was convicted on his trial before the justice of some one of the numerous offenses charged against him, and appealed to the Letcher circuit court. A demurrer was filed to the warrant in that court and the Commonwealth elected to prosecute for unlawfully possessing intoxicating liquor. On his trial in that court appellant was again convicted and his motion for a new trial was overruled, and he appeals.

The only witness introduced by the Commonwealth at the trial in the circuit court was the sheriff of the county, who testified that he had a search warrant directing him to search, among other things, an automobile belonging to one Joe Halcomb, but the whiskey with which

defendant was charged with possessing, was not found in that automobile, nor upon the defendant while he was in it (even conceding that the warrant would have authorized a search of his person while he was in the automobile), but it was discovered by searching the overcoat of defendant which he had on his arm and which was in his possession when he was out of the automobile and when the whiskey was not in view of the officer and consequently could not be and was not seen by him. Neither did the witness smell the odor of whiskey upon defendant, nor were the facts and circumstances such as to reasonably induce the belief in his mind that defendant was committing a misdemeanor in his presence, as was pointed out in the recent case of Ingle v. Commonwealth, 204 Ky. 518. The actual searching of the overcoat that defendant had in his possession at the time was not made by the sheriff but by one of his deputies at his instance, and according to the testimony of the witness he directed the deputy to make the search because he saw the print or bulk of something wrapped up by or contained in one of the pockets of the overcoat. Former opinions of this court, however, have not extended the right to search under such facts without a warrant authorizing it in the absence of additional facts authorizing the right of arrest without a warrant upon the ground that defendant was then committing a misdemeanor in the presence of the officer. To adopt the rule contended for by the Commonwealth would authorize all officers whenever they discovered a concealed bulk or package upon the person of any individual, without any evidence as to its nature and character, to search that individual or to arrest him which, according to all opinions including ours, would be a plain violation of the constitutional prohibition (section 10 of our Constitution) against unreasonable searches and seizures without a legally obtained warrant to do so.

That conclusion renders it unnecessary to determine the validity of the warrant as well as the affidavit upon which it was issued, both of which are attacked in this case, since if it should be conceded that they were each in conformity with the law, the warrant did not authorize a search of defendant's person under the circumstances and at the time it was done in this case.

Wherefore, the judgment is reversed with directions to grant a new trial and for proceedings consistent with this opinion.