STATE OF CONNECTICUT *v.* FRANK PENNA

CIRCUIT COURT                                     SIXTH CIRCUIT
                                           FILE No. CR 6-48398

Memorandum filed June 19, 1967

*Paul M. Foti,* of New Haven, for the state.

*Frank W. Sledziona,* of New Haven, for the defendant.

JACOBS, J. On May 8, 1967, Detectives John R. O'Connor and Robert Ferguson, assigned to the gambling and narcotics division of the New Haven police department, made written application under oath for a search and seizure warrant before a judge of the Circuit Court to "enter into or upon and search the place or thing described as 112 Putnam Street, New Haven, Connecticut" and "search the person of Frank Penna." The judge before whom the sworn application was made was "satisfied . . . that grounds exist for said Application" and found "that the affidavit establishes grounds and probable cause to issue this search and seizure warrant." Accordingly, the judge made the following finding: "Proof of affidavit having been made before me this day by Det. Robert Ferguson and Det. John O'Connor, two credible persons that there is probable cause for believing that there is in the premises [at] 112 Putnam Street, New Haven, Connecticut and on the person of one Frank Penna, a white male, certain records, slips of paper, pens, pencils, newspapers and other paraphernalia that are possessed as a means of committing the crimes of pool selling and policy playing in violation of Sections 53-298 and 53-295 of the Connecticut General Statutes." The judge thereupon ordered the officers to search (1) the premises known as 112 Putnam Street, New Haven, Connecticut, and (2) the person of Frank Penna.

Pursuant to the provisions of § 54-33f of the General Statutes, the defendant filed a written motion to suppress the evidence obtained as a result of a search of the motor vehicle belonging to the defendant's wife. In obedience to the mandate of § 54-33f, the court received "evidence on any issue of fact

necessary to the decision of the motion." At the hearing on the motion, it was shown that the officers went beyond the directions of the warrant and searched a 1960 Ford automobile and a 1962 Pontiac car.

"An officer executing a search warrant must strictly comply with the directions contained in the search warrant. . . . The officer must be particular as well to follow the directions of the warrant with respect to the place to be searched." 47 Am. Jur. 527, Searches and Seizures, § 42. "A search warrant authorizing the search of a dwelling house does not authorize a search of a vehicle parked on the street in front of the house." 79 C.J.S., Searches and Seizures, § 83 (Sup. 1967, p. 126); see 4 Wharton, Criminal Law and Procedure § 1560. The only warrant possessed by the police officers in this case was one which authorized a search of certain named premises and of a certain named person. This did not authorize a search of automobiles. *United States* v. *One 1949 Buick Sedanette,* 112 F. Sup. 218; *People* v. *Montgares,* 336 Ill. 458, 460; *Best* v. *Commonwealth,* 207 Ky. 178, 179; *State* v. *Parsons,* 83 N.J. Super. 430, 446.

All articles seized as a result of the search of the aforesaid automobiles may be, and they are, hereby suppressed for use as evidence on the ground that the officers went beyond the directions as contained in the warrant. Since the motion contains no demand or request for the return of those articles, they may not be returned to the defendant.