James Harold DANIELS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13951.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1967.

Rehearing Denied June 19, 1968.

Carroll Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Plaintiff in error, James Harold Daniels, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Grand Larceny. He was tried by a jury, found guilty, and his punishment assessed at One Year in the penitentiary. From that judgment and sentence he has appealed to this Court.

Defendant's first allegation of error is that the trial court erred in summarily overruling his motion to suppress and allowing tainted evidence to be admitted at the trial. First of all, this Court will take notice of the statement in the attorney general's brief, that the evidence was not admitted into the trial. A check of the record shows this statement to be true, although several witnesses testified as to what was allegedly stolen, and what was discovered in the search of the defendant's home and subsequent search of the co-defendant's home; and identified by them as the articles which they took from the warehouse of Haggard's Furniture, where Daniels was employed.

Defendant's objection to the search warrant must fail, as he did not furnish this Court with a copy or the original search warrant incorporated in the case-made, nor did he present it to the trial court on his motion to suppress. He alleges the defendant was never served with the search warrant, and that the article listed on the warrant aws not found; that the defendant has been unable to obtain any copy of the search warrant. However, when the county attroney offered his copy of the search warrant to be presented, the defendant objected to its introduction, complaining that the county attorney did not introduce the original warrant into evidence.

This Court has ruled repatedly on these questions, first, as in the early case of Enochs v. State, 81 Okl.Cr.111, 161 P.2d 87:

"The burden of proving the invalidity of a search rests on defendant, and, where the case-made does not contain the affidavit nor search warrant, the [Court of Criminal Appeals] will presume that the search warrant was legal."

And, in Phinney v. State, 90 Okl.Cr. 21, 210 P.2d 205:

"The burden of proof is upon the person who alleges the invalidity of a search to introduce evidence to sustain his motion. Where the record is silent, the proceedings are presumed to be regular and in conformity to the law."

And, in Edwards v. State, 95 Okl.Cr. 37, 239 P.2d 434:

"The burden of proving the invalidity of the execution of a search warrant is on the person attacking its validity, and

evidence of acts and circumstances showing the invalidity oft he execution or service must be alleged and evidence presented in support thereof in order to enable this court to review such question."

And, in the more recent decision of Davie v. State, Okl.Cr.App., 414 P.2d 1000, the Court said:

"Mere fact that all listed items of stolen property in search warrant were not found in search of residence of defendant was not sufficient reason to declare search warrant invalid".

Further, the rule of law existing in Oklahoma has been stated repeatedly, as in Hoskins v. State, Okl.Cr.App., 286 P.2d 293:

"Evidence discovered by an officer when he is in a place where he has the legal right to be is admissible to support a charge where such evidence would be involved."

See, also, Smith v. State, Okl.Cr.App., 311 P.2d 275; and, Farnsworth v. State, Okl.Cr. App., 343 P.2d 744.

■ This Court has carefully reviewed this record, and can find no error sufficient to cause a reversal. The evidence presented was conflicting as to why the furniture was taken from the warehouse. The owner of the furniture store testified that it was taken without her consent. The defendant sttaed that he took it with her permission as compensation for overtime work. This was aproper question for the jury to determine under proper instructions from the trial court. This was done.

■ This Court cannot determine questions which are not incorporated in the casemade; or which have not been properly preserved in the trial court; or by raising in the motion for new trial and petition in error on appeal.

Based on the cited case law, and the reasons as set forth above, it is the order of this Court that the judgment and sentence of the District Court of Oklahoma County be affirmed.

BUSSEY and BRETT, JJ., concur.

ORDER DENYING PETITION FOR RE-HEARING, OPINION PREVIOUSLY RENDERED ON September 27, 1967 RELEASED FOR PUBLICATION, and DIRECTING CLERK TO ISSUE MANDATE

■■ In the matter coming on Plaintiff in Error's Petition for Re-hearing, and this Court being fully advised in the premises; finds that said petition does not contain fact or law sufficient to grant the relief prayed for at this time. This question should have been raised properly in the trial court, in the motion for new trial, and in the petition in error, and most particularly, in the brief and oral argument before this Court. To complain of error without the proper preservation of same, comes too late.

It is therefore ordered, adjudged, and decreed that the Petition be, and the same is, hereby denied; and the Clerk of this Court is directed to release our original opinion of September 27, 1967 for publication; and to issue the Mandate previously recalled and stayed on October 26, 1967, forthwith.