Thomas Garland VAN HORN,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.
No. A–16062.

Court of Criminal Appeals of Oklahoma.
April 5, 1972.

Robert E. Walker, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge:

Defendant was convicted of the offense of Illegal Possession of a Stimulant in a non-jury trial in the District Court of Oklahoma County and sentenced to a term of thirty (30) days in jail and ordered to pay a fine of $50.00. Timely appeal from the judgment and sentence has been perfected to this Court.

Defendant asserts three propositions of error. First, the overruling by the trial court of his motion to suppress evidence of stimulants taken from the person of defendant; second, the stimulants were not actually received in evidence; and, third, defendant's constitutional rights to fair trial were violated in that the trial court heard evidence of contraband taken from the person of defendant following an alleged illegal arrest and subsequent search of defendant's person.

For the purpose of this opinion, defendant's first and third propositions, each which go to the legality of the search of defendant's person, will be treated as a single assertion of error.

The hearing on the motion to suppress and the non-jury trial were conducted before one judge on the same day, and only the arresting officer was called to testify in support of defendant's motion to suppress and in the trial on its merits.

On the motion to suppress, Detective H. D. Neal, a member of the Oklahoma City Police Department, assigned to Vice Detail and Narcotics, testified that on the 14th and 15th days of December, 1969, an informant related to him that informant had observed defendant in possession of "about five-hundred amphetamine tablets and nu-

merous other narcotic drugs" (Tr. 15) at a house located at 2420 South Phillips, Oklahoma City, Oklahoma. Detective Neal further related that informant told him that defendant had a particularly described automobile and there were "narcotics or barbiturates in this car."

According to the testimony of Neal, the informant also told him that the car containing narcotics would leave the South Phillips address and be driven to a named shopping center parking lot on December 15th, and narcotics or stimulants would be wrapped in tin foil.

Based on the information received by Neal, he appeared before a magistrate in Oklahoma County, executed an affidavit for a search warrant for narcotics, and the magistrate, based on the affidavit, issued a Search Warrant for Narcotics for a 1960 model Chevrolet, bearing 1969 Oklahoma license XF-5308.

■ It should be emphasized that neither the affidavit nor the search warrant were challenged in the trial court, they are not part of the record before this Court, and it is to be presumed the affidavit and search warrant for the Chevrolet automobile are in all respects valid and legal. See, Daniels v. State, Okl.Cr., 441 P.2d 494.

Detective Neal testified both in the motion to suppress and at trial he observed defendant drive the automobile described in the search warrant for narcotics onto the shopping center lot as described by the informant. That as defendant stepped from the automobile, Neal and his partner told defendant they had a search warrant for the car. At this moment, Neal, according to the record, observed defendant's left coat pocket bulging to the extent that the officer saw tin foil packages in the pocket. Defendant was searched, and the left coat pocket contained thirty-two (32) tin foil wrapped packages, each package containing twelve (12) benzedrine tablets. Defendant was then arrested for Possession of Amphetamines, a misdemeanor.

After arrest of defendant, a search of the car was conducted by authority of the search warrant. Two-hundred-eleven (211) double-scored benzedrine tablets were found stuffed over the air-conditioner under the dash.

The information alleged possession by defendant of both the 211 tablets found in the automobile, to which evidence defendant had no objection or defense; but as well, possession of 384 tablets in rolls of twelve taken from defendant's person.

■ In support of his assertion that the search of his person was illegal, defendant relies primarily upon the case of Best v. Commonwealth, 207 Ky. 178, 268 S.W. 1089 (1925). In *Best*, supra, the arresting officer had a search warrant for an automobile belonging to one Joe Halcomb. Defendant Best was observed outside the car with an overcoat over his arm. There was a bulge in the overcoat and the officer made a search of the person of Best, which led to the discovery of a bottle of whiskey, the subject of the charge against Best. The Kentucky Court held the search of the person of Best to be unlawful.

*Best*, supra, is clearly distinguishable from the case at bar. Here, defendant Van Horn was seen operating the motor vehicle which was described in a presumably valid warrant. Van Horn was seen stepping from the driver's side when the tin foil packets containing contraband were readily visible to the officer who searched his person.

■ The right of an officer who executes a search warrant to search persons in conjunction with the execution of the warrant was settled in Yost v. State, Okl.Cr., 269 P.2d 794.

A fair and reasonable statement of the law applicable to search of persons at the time of execution of a search warrant for premises is found in Olympia v. Culp, 136 Wash. 374, 240 P. 360, 361, as cited in State v. Ryan, 163 Wash. 496, 1 P.2d 893, 894:

"Officers making a search of premises under a search warrant may lawfully de-

tain all persons found therein until the search is concluded. Any other rule would frustrate the purposes of the search; the officers would be compelled to stand idly by while the articles for which the search was instituted were carried away. *The law is not so impotent as this.* The officers may, under a warrant to search the premises, lawfully search any one found therein whom they have reasonable cause to believe has the articles for which the search is instituted upon his person."

Nor can defendant justifiably argue that the search of his person without a warrant for his person at a point in time when he had immediately alighted from the automobile to be searched is violative of his Fourth Amendment rights. The execution of the search warrant by serving same upon defendant under the circumstances of this case was within the "judicial process."

The Supreme Court of the United States in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, in a discussion of the limitations imposed upon a warrantless search incident to arrest, did in fact, uphold the right of an arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction and "within his immediate control." No lesser right inheres to law enforcement officers in the execution of a search warrant for an automobile.

The search of defendant's person in this case depends not only upon the right of the officers to conduct a search of his person pursuant to the execution of the search warrant, but, as well as reasonableness as governed by the "total atmosphere of the case." For this Court to hold that an officer who has prior information that narcotics will be wrapped in tin foil packages to be transported in a described automobile, and the officer thereafter employs judicial process to search the automobile and in the execution of the warrant, observes what he believes to be narcotics on the person of the driver as he alights from the automobile, is an illegal and unreasonable search, would in itself be unreasonable, and an illogical application of the law.

■ Defendant's second proposition of error is answered by a careful examination of the record of the case. Defense counsel stipulated as to the chain of evidence of the pills and that the pills testified to by the officer on trial were the same pills taken from defendant. (Tr. 32) Also, defendant offers no authority in support of this assertion of error and this Court has held on numerous occasions that where the defendant does not support his proposition by citation of authority, his proposition will not be considered by the Court.

Finding no error in the record, and that the search and seizure of the contraband was lawful, the Judgment and Sentence of the trial court will be, and is, hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.