**Wade ERICKSON and Scott Erickson, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–365.**

Court of Criminal Appeals of Oklahoma.

July 2, 1979.

Alan R. Gottsch, Armor & Gottsch, Laverne, for appellants.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles Helm, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellants, Wade and Scott Erickson, were convicted in the District Court, Harper County, for the offense of Unlawful Cultivation of Marijuana. Punishment was assessed at five (5) years' imprisonment with all but two (2) years and two (2) months suspended. Because of the improper admission of certain evidence, we reverse.

On August 3, 1977, the Harper County Sheriff, accompanied by his deputy, entered the appellants' residence at 704 N.E. 5th Street, Buffalo, Oklahoma, to conduct a search pursuant to a warrant issued by the District Court. According to their testimony the front door was fully open; only the unlocked screen door was closed. The appellant Scott Erickson's car was in the driveway.

The sheriff knocked on the door three times, paused, knocked three more times, paused and knocked three more times. There was conflicting testimony as to the length of time the sheriff and deputy waited on the front porch of the house: the sheriff testified they waited six minutes; the deputy testified they waited 15 seconds. The sheriff then pulled open the door and called, "Is there anyone home?" From inside the house someone, later identified as appellant Scott Erickson, replied, "Yeah." The sheriff then entered the house with the deputy behind him.

Without announcing his authority or purpose, the sheriff shouted his name as he went directly to the bedroom. There he found the appellant, Scott Erickson, in bed and ordered him to get dressed. During this time the deputy went to the back of the house and returned to the bedroom

carrying a small clay pot with what appeared to be nine or ten, three inch tall, growing marihuana plants. The total volume of the plant material was 0.1 gram. The soil was moist, and the plants appeared to have been cultivated.

The sheriff arrested the appellant, Scott Erickson, read him his *Miranda* warnings, and took him and the contraband to the Sheriff's Office. Shortly thereafter, Wade Erickson, Scott's brother, was arrested and taken into custody at a friend's house where he had been staying. Although Wade Erickson was the lessee of the premises at 704 N.E. 5th Street, the evidence indicates he had only used the house to pick up clothes for several days prior to the execution of the warrant and the arrest.

It is first argued that the trial court erred in failing to grant the appellants' motion to suppress the evidence obtained in executing the search warrant. Counsel maintains the search was not executed in compliance with 22 O.S.1971, § 1228,[1] and, thus the fruits of the search were inadmissible. Section 1228 authorizes the officer executing the warrant to forcibly enter a dwelling if after announcing his authority and purpose he is refused admittance.

The State argues there was substantial compliance with Section 1228. We cannot agree. This Court finds the appellants' contentions are well taken, and we agree that the manner in which this search was conducted mandates reversal of the appellants' conviction.

■ Both the United States Supreme Court and this Court have held that opening a closed but unlocked door of entrance to a house—even a closed screen door—is within the meaning of "forcibly entering."[2]

We have also recognized that where there is no one home on whom demand for admittance may be made, the officer may in executing a valid search warrant forcibly enter a home.[3]

The appellants rely on *Sears v. State*, Okl.Cr., 528 P.2d 732 (1974),[4] where the officers, having observed the suspect through a window, pushed open a unlatched door and entered the residence prior to identifying themselves to the suspect as policemen and serving him with a copy of the search warrant. Reversing the suspect's conviction for possession of marihuana with intent to distribute, the Court observed that the requirement of prior notice of authority and purpose before entering into a home is deeply rooted in our heritage and should not be given grudging application.

■ The State urges the Court to distinguish the instant case from *Sears* on the authority of *Pennington* and *Thigpen*. They argue that the sheriff did not know anyone was home and, therefore, was constructively denied admittance. The record does not substantiate this contention. The sheriff saw Scott Erickson's car in the driveway, and the front door of the home was wide open. These facts do not indicate that no one was present on whom service of the warrant could be had. However, the critical fact is that when the sheriff received an answer to his inquiry he was unquestionably notified that someone was at home upon whom demand for admittance could be made, and therefore was constrained, in the absence of some exigency, to act in compliance with Section 1228. This he did not do.

---

1. It is provided in 22 O.S.1971, § 1228:

   "The officer may break open an outer or inner door or window of a house, or any part of the house, or anything therein, to execute the warrant, if, after notice of his authority and purpose he be refused admittance."

2. *Sabbath v. United States*, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); *Miller v. United States*, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); *Sears v. State*, Okl.Cr., 528 P.2d 732 (1974).

3. *Pennington v. State*, Okl.Cr., 302 P.2d 170 (1956); *Thigpen v. State*, 51 Okl.Cr. 28, 299 P. 230 (1931).

4. See the discussion of *Sears v. State*, supra, at pp. 231–232 of Annot: "What Constitutes Compliance With Knock-And-Announce Rule in Search of Private Premises—State Cases," 70 A.L.R.3d 217 (1976).

The State further argues that the appellants failed to produce sufficient evidence to prove the invalidity of the execution of the search warrant, citing *Daniels v. State*, Okl.Cr., 441 P.2d 494 (1967). In that case, we said the burden of proving the invalidity of the execution of a search warrant is on the person attacking its validity and evidence showing the invalidity of the execution or service must be alleged and evidence presented in support in order to enable this court to review such a question. In the instant case, the State offers sufficient evidence to make a determination of the question. Therefore, we find no merit to this argument.

Accordingly, it is the holding of this Court that the failure of the officer named in the warrant to observe the constraints of 22 O.S.1971, § 1228, in executing the search warrant, where no extenuating circumstances existed,[5] rendered the search and subsequent seizure invalid as a violation of the appellant's Fourth Amendment rights; the trial court's failure to sustain the appellants' motion to suppress the fruits of that search and seizure constitutes reversible error. Consequently, the Court deems it unnecessary to consider the merits of the remaining assignments of error. The judgment and sentence is *REVERSED*.

BRETT, J., concurs.

BUSSEY, J., not participating.

---

**5.** As to what constitutes extenuating or "exigent" circumstances, see *Sears v. State*, supra, and *Gamble v. State*, Okl.Cr., 546 P.2d 1336 (1976).