1998 OK CR 32

**STATE of Oklahoma, Appellant,**

v.

**Charles David LOVE and Michael Shayne Hilburn, Appellees.**

**No. S–97–976.**

Court of Criminal Appeals of Oklahoma.

May 13, 1998.

Appellees, Charles David Love and Michael Shayne Hilburn, were indicted by the Multicounty Grand Jury. The cause was instituted in the District Court of Oklahoma County, Case No. CF–96–7493. The Honorable William R. Burkett, District Judge, ordered the cause dismissed for lack of venue and the State appealed. **AFFIRMED.**

Kent Sutton, Assistant Attorney General, for the State at trial.

O.R. Barris III, Assistant Attorney General, W.A. Drew Edmondson, Attorney General, Oklahoma City, for the State on appeal.

Douglas G. Dry, Wilburton, and Warren Gotcher, Gotcher & Belote, McAlester, for Appellees at trial and on appeal.

### OPINION

STRUBHAR, Vice Presiding Judge:

¶1 Appellees, Charles David Love and Michael Shayne Hilburn, were indicted by the Multicounty Grand Jury. Hilburn was indicted on thirty-five counts of Embezzlement (21 O.S.1991, § 341(3)) (Counts 1–35), one count of Perjury (21 O.S.1991, § 491) (Count 36), one count of Making a False or Fictitious or Fraudulent Claim (21 O.S.1991, § 358) (Count 37), one count of Diversion of State Funds (21 O.S.1991, § 1463) (Count 38) and one count of Embezzlement (21 O.S.1991, § 341(4)) (Count 39). Love was jointly in-

dicted with Hilburn on thirty-two counts of Embezzlement (Counts 3–34). At the preliminary hearing, held February 27–28, 1997, in the District Court of Oklahoma County, the Honorable Charles Humble, Special Judge, heard Appellees' Motions to Dismiss for Lack of Proper Venue. At the conclusion of the preliminary hearing Judge Humble denied Appellees' motions. Judge Humble found venue proper in Oklahoma County and ordered Appellees bound over for trial. The trial was assigned to the Honorable William Burkett, District Judge, with whom Appellee Love filed another Motion to Dismiss for Lack of Proper Venue. On June 25, 1997, Judge Burkett ordered the cause dismissed for lack of venue. The State now appeals this order arguing in its only proposition that venue is proper in Oklahoma County.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we affirm. Venue is a question of law which requires the trial court to determine where the charged offense was committed. *See Omalza v. State*, 1995 OK CR 80, 911 P.2d 286, 295; *Richie v. State*, 1995 OK CR 67, 908 P.2d 268, 274, *cert. denied*, —— U.S. ——, 117 S.Ct. 111, 136 L.Ed.2d 64 (1996). In appeals prosecuted pursuant to 22 O.S.1991, § 1053, this Court reviews the trial court's decision to determine if the trial court abused its discretion. *See State v. Gates*, 1978 OK CR 31, 576 P.2d 313, 314; *State v. Duke*, 1977 OK CR 118, 561 P.2d 582, 585. An abuse of discretion has been defined as a conclusion or judgment that is clearly against the logic and effect of the facts presented. *See Walker v. State*, 1989 OK CR 65, 780 P.2d 1181, 1183.

¶3 The State cites *Williams v. State*, 1961 OK CR 111, 365 P.2d 569, in support of its proposition that venue is proper in Oklahoma County. In *Williams*, the Court held that in an embezzlement case where there was a duty to account in a specific county and there was a failure to account, venue should be laid in the county where the defendant was under obligation to account or in the county where the unlawful taking and conversion took place. *Id.* at 572. The record

before this Court does not support the State's assertion that Appellees had an obligation to account to the District Attorneys Council in Oklahoma County, but indicates instead that Appellees were investigators employed by the LeFlore County District Attorney and were accountable to that county's project director for the funds they allegedly embezzled. Further, the record shows the alleged falsification of receipts or records was made by the Appellees to the project director in LeFlore County in order to receive funds already disbursed to LeFlore County. Because the falsifications and payments were made in LeFlore County, this case is more analogous to *State v. Layman,* 1960 OK CR 107, 357 P.2d 1022, 1033, *overruled on other grounds, Broadway v. State,* 1991 OK CR 113, 818 P.2d 1253, 1255 (holding venue in false pretenses cases lies where the falsification is communicated and acted upon causing the victim to part with the money.) While venue is a question of law for the trial court to determine, it is also fact dependent for the application of the law. *See* 22 O.S.1991, § 124 (trial court must first determine if the offense was committed partly in one county and partly in another county). Based on the facts presented, this Court cannot say the trial court's finding that venue was improper in Oklahoma County was clearly erroneous.[1] Accordingly, we affirm the trial court's order dismissing the cause for lack of venue.

CHAPEL, P.J., and LUMPKIN, LANE and JOHNSON, JJ., concur.

---

1. We note that venue is proper in either Oklahoma or LeFlore Counties with respect to Counts 36 and 37 because these charges allege that Appellee Hilburn submitted false travel claims from LeFlore County to the D.A.'s Council in Oklahoma County and was directly reimbursed therefrom. 22 O.S.1991, § 124. However, we find the trial court did not abuse its discretion in dismissing these counts based on lack of venue because of interests of judicial economy.