STATE v. WALLACE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. WALLACE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. WALLACE
2019 OK CR 10
Case Number: S-2018-229
Decided: 05/23/2019
STATE OF OKLAHOMA, Appellant, v. BRITTNEY JO WALLACE, Appellee.

Cite as: 2019 OK CR 10, __ __

 

SUMMARY OPINION
LUMPKIN, JUDGE:
¶1 Appellee, Brittney Jo Wallace, was charged by Information in the District Court of Rogers County, Case No. CF-2016-461, with Enabling Child Abuse (Counts 1 & 2) (
21 O.S.2011, § 843.5(B)) and Child Neglect (Count 3) (21 O.S.2011, § 843.5(C)). On April 16, 2017, the Honorable H.M. Wyatt, III, Associate District Judge, held a pretrial hearing concerning Appellee's motion to suppress and took the matter under advisement. In a written order issued on February 22, 2018, Judge Wyatt sustained Appellee's motion and suppressed any and all evidence the State obtained in the search and seizure of Appellee's cell phone.[1] The State appeals to this Court pursuant to 22 O.S.2011, § 1053(6).
¶2 Section 1053 provides, in relevant part, that the State may appeal, "[u]pon a pretrial order, decision or judgment suppressing or excluding evidence in cases alleging violation of any provisions of Section 13.1 of Title 21 of the Oklahoma Statutes." Since both Enabling Child Abuse and Child Neglect are offenses enumerated under Section 13.1, we find that the State's appeal is proper. 
¶3 The State raises the following propositions of error in support of this appeal:
I. The seizure of Appellee's cellular phone was supported by probable cause and thus a reasonable seizure.
II. The District Court's findings are in error and not supported by the law or the facts in the record. 
¶4 This Court reviews appeals pursuant to 22 O.S.2011, § 1053 to determine if the trial court abused its discretion. State v. Gilchrist, 2017 OK CR 25, ¶ 12, 422 P.3d 182, 185; State v. Hooley, 2012 OK CR 3, ¶ 4, 269 P.3d 949, 950; State v. Love, 1998 OK CR 32, ¶ 2, 960 P.2d 368, 369. This is the same standard applied when we review a trial court's ruling on a motion to suppress. Bramlett v. State, 2018 OK CR 19, ¶ 10, 422 P.3d 788, 793; State v. Keefe, 2017 OK CR 3, ¶ 7, 394 P.3d 1272, 1275. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.
¶5 In Proposition One, the State challenges the District Court's suppression of the evidence recovered from Appellee's cellular phone. The State argues that the District Court erred when it determined that the initial seizure and accessing of Appellee's phone on May 13, 2016 was contrary to her constitutional rights against illegal search and seizure.
¶6 The United States Supreme Court has long held that the "'touchstone of the Fourth Amendment is reasonableness.'" Ohio v. Robinette, 519 U.S. 33, 39, 117 S. Ct. 417, 421, 136 L. Ed. 2d 347 (1996) (quoting Florida v. Jimeno, 500 U.S. 248, 250, 111 S. Ct. 1801, 1803, 114 L. Ed. 2d 297 (1991)). "Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." Id.
¶7 Reviewing the record, we find that the District Court abused its discretion when it suppressed the evidence recovered from Appellee's cell phone. The District Court's determination that the initial seizure and accessing of the phone was illegal is clearly erroneous and without proper consideration of the facts and law pertaining to the matter. Warrantless seizures of evidence are presumed unreasonable. State v. Sittingdown, 2010 OK CR 22, ¶ 9, 240 P.3d 714, 716. Nonetheless, "society's interest in the discovery and protection of incriminating evidence from removal or destruction can supersede, at least for a limited period, a person's possessory interest in property, provided that there is probable cause to believe that that property is associated with criminal activity." Segura v. United States, 468 U.S. 796, 808, 104 S. Ct. 3380, 3387, 82 L. Ed. 2d 599 (1984). Therefore, a warrantless seizure is permissible when law enforcement has probable cause to believe the item seized is evidence of a crime, and exigent circumstances sufficient to justify immediate seizure are present. Harjo v. State, 1994 OK CR 47, 882 P.2d 1067, 1073 (citing Cupp v. Murphy, 412 U.S. 291, 93 S. Ct. 2000, 36 L. Ed. 2d 900 (1973)).
¶8 In Riley v. California, 573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014), the United States Supreme Court held that absent exigent circumstances or some other exception, police must get a warrant before searching the data on a cell phone. State v. Thomas, 2014 OK CR 12, ¶ 5, 334 P.3d 941, 944. However, the Supreme Court noted that law enforcement can seize and secure a phone to prevent the destruction of evidence while seeking a warrant. Id., 2014 OK CR 12, ¶ 7, 334 P.3d at 944 (citing Riley, 573 U.S. at 390-91, 34 S. Ct. at 2486-87).
¶9 The investigating detective had probable cause to believe that Appellee's cell phone contained evidence of the crime of child abuse and child neglect. The medical professionals at St. Francis Hospital informed the detective that two of Appellee's sons had suffered physical abuse and neglect. Both of the boys had significant injuries which were wholly inconsistent with the typical injuries for their respective ages and inconsistent with the history that Appellee and her boyfriend had given. Appellee advised the detective that she had documented every injury that the boys incurred by informing her mother, taking photographs of the injuries on her phone, and sending the pictures to her mother. Appellee's mother corroborated this fact. The detective knew that the photographs would have date and time data stamped on them. He also believed that the phone would contain communications about the boys' injuries based upon the statements of both Appellee and her boyfriend about the argument they had following the boys' earlier visit to a health clinic. Since the phone was located in Tulsa County and the Rogers County judges only permitted written applications for warrants, the detective did not attempt to get a search warrant from the Rogers County Associate District Judge when he contacted the judge by phone and secured the authority to place the boys in protective custody. Instead, the detective seized Appellee's phone to prevent her from deleting any incriminating evidence on the device.
¶10 Similarly, we find that the detective's act of accessing the phone to forward Appellee's calls and activating the device's airplane mode function was reasonable. Both this Court and the United States Supreme Court have recognized that when seizing a cell phone, law enforcement may act to prevent both the remote wiping of data and the encryption of data. Riley, 573 U.S. at 390-91, 134 S. Ct. at 2487; Thomas, 2014 OK CR 12, ¶ 7, 334 P.3d at 944. In order to prevent the remote wiping of data from the cell phone, officers are permitted to turn the phone off, remove its battery, or place it in a "Faraday bag," i.e., an enclosure that isolates the phone from radio waves. Riley, 573 U.S. at 391, 134 S. Ct. at 2487. "Or, if officers happen to seize a phone in an unlocked state, they may be able to disable a phone's automatic-lock feature in order to prevent the phone from locking and encrypting data." Id. To the extent that these actions do not sufficiently address law enforcement's specific concerns about the potential loss of evidence in a particular case, they may rely upon exigent circumstances to search the phone immediately. Id.
¶11 The detective testified that he accessed the phone to avoid the loss of any evidence from the device. He related that Appellee indicated in the negative when he asked if the phone had a passcode. Based upon Appellee's expressed desire to receive incoming phone calls, Appellee and the detective agreed to forward Appellee's phone calls to another number. The detective asked for Appellee's assistance in accessing the settings on the phone to accomplish this feat. He then placed the phone on airplane mode knowing that this action would disconnect the phone from the cellular network. The detective explained that he believed this would suffice to satisfy the dictates of Riley in light of the fact that his department did not have Faraday bags. He explicitly testified that he did not go through Appellee's personal information on the phone or get any evidence from his act of accessing the settings on the phone.
¶12 Citing to the detective's stray comments on the audio recording of his investigation at the hospital, Appellee argues that the detective admitted that he did not have probable cause to seize the phone. As outlined above, it is clear from the totality of the circumstances that the officer had probable cause to seize the phone. The detective's stray comments over the course of three plus hours of investigation do not overcome the objective reasonableness of his actions.
¶13 The detective's initial seizure and accessing of Appellee's phone was reasonable under Thomas and Riley. Therefore, finding the District Court abused its discretion when it ordered the suppression of the evidence, the State's appeal is granted and the matter is reversed and remanded to the District Court for further proceedings consistent with this Opinion.
¶14 In Proposition Two, the State challenges the District Court's determination that the search warrant which was subsequently issued for Appellee's cellphone was invalid. The State argues that the District Court failed to engage in the proper legal analysis in making its finding of facts, thus, abusing its discretion. We agree.
¶15 The District Court determined that the search warrant was "insufficient as overly broad, not supported by probable cause, and/or [the affidavit in support] contained false, speculative, or perhaps mistaken representations by [the detective] to the examining magistrate." This Court has laid out the precise manner in which courts of this State are to analyze such claims. "The burden of proving the invalidity of a search warrant rests on the accused who seeks to suppress the resulting evidence." Darity v. State, 2009 OK CR 27, ¶ 5, 220 P.3d 731, 733. A criminal defendant must allege and present evidence of acts and circumstances showing the invalidity of either the affidavit or the warrant in order to enable the court to review such a question. Erickson v. State, 1979 OK CR 67, ¶ 11, 597 P.2d 344, 347; Daniels v. State, 1967 OK CR 165, 4-6, 441 P.2d 494, 495-96. In the absence of a valid challenge, it is to be presumed the affidavit and search warrant are in all respects valid and legal. Van Horn v. State, 1972 OK CR 97, ¶ 8, 496 P.2d 121, 123; Daniels, 1967 OK CR 165, ¶ 4, 441 P.2d at 495.
¶16 To succeed on an overbreadth challenge, the defendant must establish that the search warrant failed to describe with specificity and particularity the place to be searched and the items to be seized. See Moore v. State, 1990 OK CR 5, ¶ 33, 788 P.2d 387, 395--96 (holding Fourth Amendment of the United States Constitution and Article II, § 30, of the Oklahoma Constitution both require search warrants describe with specificity and particularity the place to be searched and the items to be seized). The items to be seized must be described as specifically as the nature of the activity under investigation permits. Id. Incorporation and attachment of the affidavit to the warrant may cure a lack of particularity. See United States v. Riccardi, 405 F.3d 852, 863 n.1 (10th Cir. 2005) ("Where the warrant itself is insufficiently specific regarding the items to be searched and seized, this Court has held that the affidavit in support of the warrant can cure the want of specificity, but only if the affidavit is both incorporated in and attached to the warrant.").
¶17 Similarly, we note that the United States Supreme Court has a well-established rule concerning challenges to the veracity of an affidavit in support of a search warrant.
To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. 
Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684, 57 L. Ed. 2d 667 (1978). "[A]llegations of perjury or reckless disregard for the truth in an affiant's statements must be established by preponderance of the evidence. Moreover, if the inaccuracies are removed from consideration and there remains in the affidavit sufficient allegations to support a finding of probable cause, the inaccuracies are irrelevant." Smith v. State, 2018 OK CR 4, ¶ 6, 419 P.3d 257, 260 (quotations and citations omitted).
¶18 The District Court failed to follow this precedent in the present case. The record shows that Appellee did not challenge the validity of either the affidavit or the search warrant, instead, solely challenging the initial seizure and accessing of the phone. The District Court erred when it failed to require Appellee to allege and present evidence showing the invalidity of either the affidavit or the warrant before reviewing the validity of the search warrant. In the absence of the requisite challenge, the District Court was required to presume that both the affidavit and the search warrant were valid and legal in all respects.
¶19 Similarly, the District Court failed to give sufficient deference to the magistrate that issued the search warrant. "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause." United States v. Leon, 468 U.S. 897, 914, 104 S. Ct. 3405, 3416, 82 L. Ed. 2d 677 (1984). Thus, the United States Supreme Court has concluded that a reviewing court must give great deference to a magistrate's determination of probable cause. Id. Recognizing this requirement we have explained that "[t]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Bland v. State, 2000 OK CR 11, ¶ 45, 4 P.3d 702, 717.
¶20 We further note that the District Court failed to determine whether the good faith exception to the exclusionary rule might apply under the facts of this case. Both this Court and the United States Supreme Court have determined that the exclusionary rule does not bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective. Leon, 468 U.S. at 922, 104 S.Ct. at 3420; Sittingdown, 2010 OK CR 22, ¶ 17, 240 P.3d at 718. The good faith exception can apply where the facts set out in the affidavit were insufficient to establish probable cause. State v. Haliburton, 2018 OK CR 28, ¶¶ 13-18, 429 P.3d 997, 1001-02. Even where a warrant is invalid for the lack of particularity or specificity, the good faith exception may still apply. See United States v. Otero, 563 F.3d 1127, 1133 (10th Cir. 2009).
¶21 Finally, we find that the record below was not fully developed. Neither the State nor Appellee introduced any evidence concerning the particularity of the search warrant. No evidence was introduced regarding the applicability of the good faith exception. Thus, the record on appeal is lacking in several material matters.
Since the District Court entered its findings of fact and conclusions of law without proper consideration of either the facts or the law pertaining to the matter at issue, we conclude that the District Court abused its discretion. Neloms, 2012 OK CR 7, ¶ 35, 274 P.3d at 170. The District Court erred when it ordered the suppression of the evidence. The State's appeal is granted and this matter is reversed and remanded to the District Court for further proceedings consistent with this Opinion.
DECISION
¶22 The order of the District Court of Rogers County suppressing the evidence is hereby REVERSED. The matter is REMANDED for further proceedings consistent with this Opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE HONORABLE H.M. WYATT, III, ASSOCIATE DISTRICT JUDGE





APPEARANCES AT TRIAL

APPEARANCES ON APPEAL

 
 


KALI STRAIN
ZACHARY COBELL
ASST. DISTRICT ATTORNEYS
200 S. LYNN RIGGS BLVD
CLAREMORE, OK 74017
COUNSEL FOR THE STATE

MATTHEW J. BALLARD
DISTRICT ATTORNEY
ANTHONY J. EVANS
ASST. DISTRICT ATTORNEY
200 S. LYNN RIGGS BLVD
CLAREMORE, OK 74017
COUNSEL FOR APPELLANT

 
 


MARK ANTINORO
CHRISTOPHER GARNER
ANTINORO LAW FIRM, PLC
25 NORTH VANN ST.
P.O. BOX 932
PRYOR, OK 74362

MARK ANTINORO
CHRISTOPHER GARNER
ANTINORO LAW FIRM, PLC
25 NORTH VANN ST.
P.O. BOX 932
PRYOR, OK 74362


AND

AND


LARRY STEIDLEY
STEIDLEY LAW FIRM
1503 N. LYNN RIGGS BLVD
SUITE C
P.O. BOX 9
CLAREMORE, OK 74019
COUNSEL FOR DEFENDANT

LARRY STEIDLEY
STEIDLEY LAW FIRM
1503 N. LYNN RIGGS BLVD
SUITE C
P.O. BOX 9
CLAREMORE, OK 74019
COUNSEL FOR APPELLEE
 
OPINION BY: LUMPKIN, J.
LEWIS, P.J: Concur
KUEHN, V.P.J.: Concur
HUDSON, J.: Concur
ROWLAND, J.: Concur
FOOTNOTES
[1] Judge Wyatt did not stand for reelection and has retired from the bench since issuing this order.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 5, 788 P.2d 387, MOORE v. STATE
Discussed
 1994 OK CR 47, 882 P.2d 1067, HARJO v. STATE
Discussed
 1979 OK CR 67, 597 P.2d 344, ERICKSON v. STATE
Discussed
 2009 OK CR 27, 220 P.3d 731, DARITY v. STATE
Discussed
 2010 OK CR 22, 240 P.3d 714, STATE v. SITTINGDOWN
Discussed at Length
 2012 OK CR 3, 269 P.3d 949, STATE v. HOOLEY
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed at Length
 2014 OK CR 12, 334 P.3d 941, STATE v. THOMAS
Discussed at Length
 2017 OK CR 3, 394 P.3d 1272, STATE v. KEEFE
Discussed
 2018 OK CR 4, 419 P.3d 257, SMITH v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed
 2018 OK CR 28, 429 P.3d 997, STATE v. HALIBURTON; STATE v. GOURLEY; STATE v. KNIPE
Discussed
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1967 OK CR 165, 441 P.2d 494, DANIELS v. STATE
Discussed at Length
 1972 OK CR 97, 496 P.2d 121, VAN HORN v. STATE
Discussed
 1998 OK CR 32, 960 P.2d 368, 69 OBJ 1897, State v. Love
Discussed
 2017 OK CR 25, 418 P.3d 689, STATE v. GILCHRIST
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA