BARKUS v. STATE
2024 OK CR 25
Case Number: F-2022-1072
Decided: 08/29/2024
PHILLIP LEE BARKUS, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2024 OK CR 25, __ __

 

 

OPINION

LEWIS, JUDGE:

¶1 Phillip Lee Barkus, Appellant, was tried without a jury and found guilty of Count 1, possession of a firearm after former conviction of a felony, in violation of 21 O.S.Supp.2019, § 128347 O.S.Supp.2020, § 11-90221 O.S.Supp.2012, § 1289.9

Facts

¶2 Appellant was apprehended by a sheriff's deputy who observed his pickup disobey a stop sign at Allen and Broadway streets in Holdenville. The driver's identification showed he was Phillip Barkus. Noticing the smell of alcohol, several sobriety tests followed that validated the deputy's suspicions of intoxication and led to Appellant's arrest. An inventory search yielded a rifle in the cab behind the driver's seat. Appellant admitted possessing the gun. At the bench trial, counsel stipulated to eleven prior felony convictions.

Analysis

¶3 In Proposition One, Appellant asserts that he is a Seminole Indian and challenges the State's legal authority to prosecute him for crimes committed in Indian Country. McGirt v. Oklahoma, 591 U.S. 894 (2020).de novo. See Parker v. State, 2021 OK CR 17495 P.3d 653

¶4 Appellant's burden was to meet the Rogers testprima facie evidence that he has some Indian blood and that he was recognized as an Indian by a tribe or the federal government." Id., 2021 OK CR 17State v. Klindt, 1989 OK CR 75782 P.2d 401Id.

¶5 Prima facie evidence is that which is "good and sufficient on its face, i.e., sufficient to establish a given fact . . . and which if not rebutted or contradicted, will remain sufficient to sustain a judgment in favor of the issue which it supports." Wadkins v. State, 2022 OK CR 2504 P.3d 605

¶6 Appellant's Seminole Freedmen

¶7 In his own testimony, Appellant admitted that he lacked any documentary evidence showing his biological relation to any person on the Seminole roll of Indians by blood. The Seminole Nation itself had previously rejected his request to alter his citizenship from Freedmen based on his Estelusti ancestry to Indian by blood.

¶8 The trial court found that while Appellant is a Seminole tribal member by virtue of his Estelusti ancestry, he was not an Indian under the Rogers test because he failed to show some Indian blood. On de novo review, we find these factual rulings were not clearly erroneous and the legal conclusions are sound.

¶9 This Court has yet to determine whether any DNA result would prove Indian blood for McGirt purposes.

¶10 Such a determination would, at minimum, require expert testimony on the current state of DNA technology for proving ethnic ancestry, the scientific validity of the specific tests, the integrity of the sample, and the acceptance of such evidence in the relevant community. See generally Taylor v. State, 1995 OK CR 10889 P.2d 319Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993) to DNA profiling technology).

¶11 Appellant's Estelusti ancestry, his Freedmen citizenship, and his lifelong association with the Seminole Nation are not open to doubt. Appellant satisfies the recognition element of the Rogers test. But he has not shown the required prima facie evidence that he has some degree of Indian blood, and this disposes of his McGirt claim. Proposition One is denied.

DECISION

¶12 The judgment and sentence is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF HUGHES COUNTY
THE HONORABLE TRISHA D. SMITH, ASSOC. DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 KENNETH WATSON
 228 ROBERT S. KERR #925
 OKLAHOMA CITY, OK 73102
 ATTORNEY FOR DEFENDANT

 JAMES E. TILLISON
 ASST. DISTRICT ATTORNEY
 200 N. BROADWAY
 HOLDENVILLE, OK 73102
 ATTORNEY FOR STATE
 
 
 APPEARANCES ON APPEAL

 KENNETH WATSON
 228 ROBERT S. KERR #925
 OKLAHOMA CITY, OK 73102
 ATTORNEY FOR APPELLANT

 GENTNER DRUMMOND
 ATTORNEY GENERAL
 SAMANTHA K. OARD
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 

 

OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Specially Concur
LUMPKIN, J.: Concur in Result
HUDSON, J: Specially Concur

FOOTNOTES

See Purdom v. State, 2022 OK CR 31McGirt purposes).

United States v. Rogers, 45 U.S. 4 How. 567 (1846). See Parker, 2021 OK CR 17495 P.3d 653Rogers test for Indian status).

See Davis ex rel. Davis v. United States, 343 F.3d 1282, 1286-87 (10th Cir. 2003).

Parker involved an alleged Cherokee Freedmen descendant who attempted to offer DNA tests indicating some Indian blood, his claim failed on the recognition element of the Rogers test and rendered his DNA-related evidence moot. Parker, 2021 OK CR 17

Blood tests and DNA tests will not help an individual document his or her descent from a specific Federally recognized tribe or tribal community. The only value blood tests and DNA tests hold for persons trying to trace ancestry to a particular tribe is that testing, if the tribe accepts it, can establish if an individual is biologically related to a tribal member.

U.S. Dept. of Interior Bureau of Indian Affairs, "Tracing American Indian and Alaska Native Ancestry," https://www.bia.gov/guide/tracing-american-indian-and-alaska-native-aian-ancestry (accessed May 22, 2024).

 

 

MUSSEMAN, V.P.J., SPECIALLY CONCURRING:

¶1 I join the Court's opinion in full. Ultimately, Appellant fails to meet the first prong of the Rogersprima facie evidence that he has some degree of Indian blood. I write separately, however, to clarify the rationale behind our finding of recognition under the second prong of the Rogers test. See supra ¶ 11.

¶2 In addition to the first prong of the Rogers test requiring some quantum of Indian blood, which the Court focuses on in its Opinion, courts must also determine Indian recognition in the second prong. In this second prong, courts consider the following factors:

1) tribal enrollment;
2) government recognition formally and informally through receipt of assistance reserved only to Indians;
3) enjoyment of the benefits of tribal affiliation; and
4) social recognition as an Indian through residence on a reservation and participation in Indian social life.

Wadkins v. State, 2022 OK CR 2504 P.3d 605Parker v. State, 2021 OK CR 17495 P.3d 653

¶3 In this case, the trial court below found, and the record before this Court demonstrated, recognition as an Indian by a tribe or the federal government pursuant to the above factors, thus demonstrating prima facie evidence of recognition under Rogers. Nonetheless, without prima facie evidence that Appellant has some degree of Indian blood to satisfy the first prong of the Rogers two-pronged test, Appellant's claim that the court lacked jurisdiction is foreclosed.

¶4 I am authorized to state Judge Hudson joins in this separate writing.

FOOTNOTES

United States v. Rogers, 45 U.S. 567 (1846).

 

 

LUMPKIN, JUDGE: CONCUR IN RESULTS

¶1 While I concur in the results reached in this case, I write to address some misstatements of this Court's scope of review on appeal.

¶2 In Proposition I, the opinion states that this Court reviews for "clear error" and cites to Parker v. State, 2021 OK CR 17495 P.3d 653 Parker we stated:

We afford a district court's factual findings that are supported by the record great deference and review those findings for an abuse of discretion. Young v. State, 2000 OK CR 1712 P.3d 202007 OK CR 33168 P.3d 11392005 OK CR 24126 P.3d 625

2021 OK CR 17

¶3 Once before, "clear error" was used in Underwood v. State, 2011 OK CR 12252 P.3d 221

Appellant timely renewed his motion to suppress at trial. These issues have been preserved for full appellate review. We review the district court's factual findings for clear error; its analysis of applicable law is reviewed de novo. State v. Pope, 2009 OK CR 9204 P.3d 1285

2011 OK CR 12

¶4 At that time, I provided the following analysis:

However, I do have concerns about the syntax used in describing our appellate review. As to Proposition 1, the opinion states "we review the district court's factual findings for clear error ..." when, in fact, on appeal, this Court reviews a trial court's ruling on the facts for an abuse of discretion. "An abuse of discretion has been defined as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Marshall v. State, 2010 OK CR 8232 P.3d 4671998 OK CR 32960 P.2d 3682006 OK CR 46147 P.3d 2451999 OK CR 12989 P.2d 9451997 OK CR 78950 P.2d 839799 P.2d 1122232 P.2d 949

2011 OK CR 12

¶5 I continue to adhere to that analysis as the correct method to apply to cases on appeal where allegations of error have been preserved. When objections have not been made at trial, thus preserving the claim of error, we continue to apply the "plain error" analysis set forth in Simpson v. State, 1994 OK CR 40876 P.2d 690Hogan v. State, 2006 OK CR 19139 P.3d 907